KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. CR14-00380CRB |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | DEFENDANT-INTERVENOR |
| vs. ) | APPLICANT'S NOTICE OF MOTIONS |
| ) | AND MOTION TO INTERVENE AND |
| FEDEX CORPORATION, ) | MOTION TO DISQUALIFY JUDGE |
| FEDEX EXPRESS, INC., and ) | |
| FEDEX CORPORATE SERVICES, INC., ) | |
| ) | Date: August 20, 2014 |
| Defendants, ) | Time: 2:00 p.m. |
| ) | Courtroom 6, 17th Floor |
| KUANG-BAO P. OU-YOUNG, ) | Judge: Hon. Charles R. Breyer |
| ) | |
| Defendant-Intervenor Applicant. ) | |

## NOTICE OF MOTIONS AND MOTIONS

TO PLAINTIFF, DEFENDANTS, AND THEIR COUNSELS OF RECORD:

PLEASE TAKE NOTICE that on August 20, 2014, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6, 17th Floor, San Francisco Courthouse, located at 450 Golden Gate Avenue, San Francisco, California, the Honorable Charles R. Breyer presiding, applicant Kuang-Bao P. Ou-Young will, and hereby does move, for the Court's permission to intervene in the present litigation. Simultaneously, applicant will, and hereby does move, to disqualify district judge Charles R. Breyer as presiding judge in the present case. The motion to intervene is based on Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, this notice of motions and motions, the memorandum of points and authorities set forth below, the pleadings and records on file in this case, and upon such further evidence and argument as the Court may consider at the time of the hearing on these motions.

## STATEMENT OF FACTS

1. On February 2, 2010, applicant filed a civil case against the United States Postal Service (the "Postal Service") (Case No. C10-00464RS, "Docket A"). On June 10, 2011, district judge Richard Seeborg issued a summary judgment and dismissed the case. Doc. Nos. A53, A54.

2. On May 31, 2012, applicant filed a civil case against four postal employees (Case No. C12-02789LHK, "Docket B"). Case C12-02789LHK resulted from the postal employees' presentation of false declarations in defense of the Postal Service in case C10-00464RS. As defense counsel in the case, U.S. attorney Melinda Haag and assistant U.S. attorney James A. Scharf moved to dismiss case C12-02789LHK on August 9, 2012. Doc. No. B20. On November 9, 2012, district judge Lucy H. Koh dismissed case C12-02789LHK. Doc. No. B28. Judge Koh denied applicant's motion to vacate the judgment dismissing case C12-02789LHK on June 10, 2013. Doc. No. B48.

3. In response to judge Koh's denial of the motion to vacate judgment in case C12-02789LHK, applicant filed a civil action on September 25, 2013 (Case No. C13-04442EMC, "Docket E"). As defense counsel in the case, U.S. attorney Haag and assistant U.S. attorney Claire T. Cormier moved to dismiss case C13-04442EMC on November 5, 2013. Doc. No. E24. On December 20, 2013, district judge Edward M. Chen dismissed case C13-04442EMC. With the same order, judge Chen subjected applicant's further complaints to "pre-filing review" by the "general duty judge." Doc. No. E40.

4. Acting under judge Chen's order dismissing case C13-04442EMC, district judges Ronald M. Whyte, Richard Seeborg, and Jeffery S. White dismissed applicant's subsequent complaints before allowing applicant to file (Case Nos. C14-80017RMW, C14-80018RS, and C14-80028JSW). These rulings were rendered to deny applicant procedural due process guaranteed by the Fifth Amendment of the Constitution. As a result, applicant submitted his second petition for impeachment against named judges to members of the House Judicial Committee on April 25, 2014.

5. Substantial grounds for impeachment were left out of the April 25, 2014 petition for the sake of brevity. Hence applicant brought a more detailed civil complaint to the San Jose division on June 10. Still acting under judge Chen's order dismissing case C13-04442EMC, the receiving clerk assigned the complaint to district judge Beth Labson Freeman for pre-filing review (Case No. C14-80174BLF, "Docket MF").

6. On March 24, 2014, the United States instituted a criminal action against a certain individual a/k/a "Raymond Chow" as well as others (Case No. CR14-00196CRB, "Docket G"). On July 7, 2014, applicant moved to intervene in case CR14-00196CRB. Doc. No. G344. On July 8, judge Breyer denied applicant's initial motion to intervene before the United States opposed the motion. Doc. No. G345.

7. In response to applicant's initial motion to intervene in case CR14-00196CRB, judge Freeman dismissed case C14-80174BLF before allowing applicant to file on July 8, 2014. Doc. No. MF2.

8. On July 17, 2014, U.S. attorney Haag filed an indictment with the district court, thereby instituting the current criminal action against defendants. Doc. No. 1.

9. On July 22, 2014, applicant moved to intervene again in case CR14-00196CRB and to disqualify judge Breyer from the case. Doc. No. G367. On July 24, judge Breyer denied applicant's second motion to intervene in case CR14-00196CRB. Doc. No. G368. The denial led to both the present motion to intervene and the present motion to disqualify judge.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Dismissal of Case C14-80174BLF Has Denied Applicant Procedural Due Process

On July 8, 2014, judge Freeman dismissed the complaint in case C14-80174BLF before allowing applicant to file. "The fundamental requisite of due process of law is the opportunity to be heard." *Grannis v. Ordean*, 234 U.S. 385, 394 (1914). In *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934), the Supreme Court has held that a due process is violated if a practice or rule "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." Accordingly, judge Freeman's dismissal order has denied applicant procedural due process in violation of the Due Process Clause of the Fifth Amendment to the Constitution.

### B. Dismissal of Case C14-80174BLF Acknowledges All Claims in the Dismissed Complaint

On July 8, 2014, judge Freeman dismissed the complaint in case C14-80174BLF before allowing applicant to file. ¶ 7. Because the dismissal was rendered without defendants' answer, judge Freeman's dismissal of the complaint in case C14-80174BLF acknowledges all claims in the complaint.

**C. U.S. Attorney Haag Lacks Jurisdiction in Filing the Current Indictment**

Claim 21 in the complaint in case C14-80174BLF shows that the motion to dismiss case C12-02789LHK interferes with *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Claim 105 in the same complaint shows that the motion to dismiss case C13-04442EMC interferes with *Scheuer* as well as *Mireles v. Waco*, 502 U.S. 9 (1991). Hence U.S. attorney Haag has fabricated both the motion to dismiss case C12-02789LHK and the motion to dismiss case C13-04442EMC in violation of 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

Rule 11-6(a) of Civil Local Rules provides:

> **General.** In the event that a Judge has cause to believe that an attorney has engaged in unprofessional conduct, in addition to any action authorized by applicable law, the Judge may do any or all of the following:
>
> (1) Refer the matter to the Court's Standing Committee on Professional Conduct; or
> (2) Refer the matter to the Chief District Judge with the recommendation that an order to show cause be issued under Civil L.R. 11-7. …

Until U.S. attorney Haag's violations of 18 U.S.C. 1509, 1512(b), and 1512(c) in both case C12-02789LHK and case C13-04442EMC are resolved under Civil L.R. 11-6(a), U.S. attorney Haag lacks standing in practicing before the Court. Accordingly, the current indictment filed by U.S. attorney Haag on July 17 represents a defect. ¶ 8. More importantly, U.S. attorney Haag lacks jurisdiction in filing the current indictment. The present case should be dismissed for lack of jurisdiction under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure.

**D. Judge Breyer Should Recuse Himself from the Present Litigation**

On July 8, 2014, judge Breyer denied applicant's initial motion to intervene in case CR14-00196CRB before the United States opposed the motion. ¶ 6. The denial interferes with Rule 47-2(d) of Criminal Local Rules. Judge Breyer has violated 18 U.S.C. §§ 1509, 1512(b), and 1512(c) as a result. Due to the deliberate violations, applicant moved to intervene in case CR14-00196CRG again and to disqualify judge Breyer on July 22. ¶ 9.

28 U.S.C. § 144 provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Pursuant to 28 U.S.C. § 144, another judge, other than judge Breyer, should adjudicate on either applicant's second motion to intervene in case CR14-00196CRB or the simultaneous motion to disqualify judge Breyer. Yet judge Breyer denied applicant's second motion to intervene in case C14-00196CRB on July 24. ¶ 9. Hence the denial interferes with 28 U.S.C. § 144. Again, judge Breyer has violated 18 U.S.C. §§ 1509, 1512(b), and 1512(c).

28 U.S.C. § 455(a) provides:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Judge Breyer has committed criminal offenses twice in case C14-00196CRB to render biased rulings in favor of plaintiff, the United States. Because the United States represents the plaintiff in the present case as well, it is reasonable to question judge Breyer's impartiality in the present proceedings. Thus, judge Breyer should be disqualified from the present litigation pursuant to 28 U.S.C. § 455(a).

## CONCLUSION

Based on the above arguments, the Court should allow applicant to intervene in the present litigation. At the same time, judge Breyer should be disqualified from the present case pursuant to 28 U.S.C. § 455(a).

Respectfully submitted this 1st day of August 2014.

*Kuang-bao Ou-young*

KUANG-BAO P. OU-YOUNG
1362 Wright Avenue
Sunnyvale, California 94087
(408) 736-7793
kbouyoung@yahoo.com

Defendant-Intervenor Applicant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>FEDEX CORPORATION,<br>FEDEX EXPRESS, INC., and<br>FEDEX CORPORATE SERVICES, INC.,<br><br>                Defendants. | Case No. CR14-00380CRB<br><br>PROOF OF SERVICE |

This is to certify that a true and correct copy of the following:

    Defendant-Intervenor Applicant's Notice of Motions and Motion to Intervene and Motion to Disqualify Judge

was delivered in person to the following:

Kirstin M. Ault
Assistant United States Attorney
Kyle F. Waldinger
Assistant United States Attorney
U.S. Attorney's Office
450 Golden Gate Avenue
San Francisco, CA 94102

The foregoing was mailed by the undersigned postage prepaid by Priority Mail to the following:

Cristina C. Arguedas
Raphael M. Goldman
Ted W. Cassman
Arguedas, Cassman & Headley, LLP
803 Hearst Avenue
Berkeley, CA 94710

Allen Ruby
Jack P. DiCanio
William J. Casey
Skadden, Arps, Slate, Meagher & Flom, LLP
525 University Avenue, Suite 1100
Palo Alto, CA 94301

Date: August 1, 2014

                                                *Kuong Lin Ou-Young*
                                                Kuong Lin Ou-Young
                                                260 N. Pastoria Avenue
                                                Sunnyvale, CA 94086