# APPENDIX A

## SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

525 UNIVERSITY AVENUE

PALO ALTO, CALIFORNIA 94301

---

TEL: (650) 470-4500

FAX: (650) 470-4570

www.skadden.com

DIRECT DIAL
650.470.4660
DIRECT FAX
650.798.6550
EMAIL ADDRESS
JACK.DICANIO@SKADDEN.COM

FIRM/AFFILIATE OFFICES
-----
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
WASHINGTON, D C
WILMINGTON
-----
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

January 8, 2015

Wendy H. Goggin
Chief Counsel
Drug Enforcement Administration
8701 Morrissette Drive
Springfield, VA 22152

      RE: *U.S. v. FedEx Corp., et al.*, CR 14-0380 CRB

Dear Wendy:

  Enclosed please find a Subpoena to Produce Documents or Objects in a Criminal Case issued by the United States District Court for the Northern District of California on January 6, 2015.

  The Subpoena requires the United States Drug Enforcement Administration to produce responsive documents on or before February 4, 2015. If you have any questions, please feel free to call.

            Thank you,

            Jack P. DiCanio

CAND 89B (Rev. 8/12) Subpoena to Produce Documents or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | SUBPOENA TO PRODUCE DOCUMENTS OR OBJECTS IN A CRIMINAL CASE |
|---|---|
| Plaintiff, | |
| v. | Case No.: 14-380 (CRB) |
| FedEx Corporation et al. | |
| Defendant(s). | |

TO: United States Drug Enforcement Administration

YOU ARE COMMANDED to produce at the place, date, and time specified the document(s) or object(s) indicated below. If compliance would be unreasonable or oppressive, you may file a motion requesting the court to quash or modify the subpoena, to review the documents in camera, or to permit production only pursuant to a protective order.

| PLACE | | | COURTROOM/JUDGE |
|---|---|---|---|
| ☒ United States Courthouse 450 Golden Gate Avenue San Francisco, CA 94102 | ☐ United States Courthouse 280 South First Street San Jose, CA 95113 | ☐ United States Courthouse 1301 Clay Street Oakland, CA 94612 | Judge C.R. Breyer |
| If the document(s) or object(s) are produced in advance of the date specified, either to the court in an envelope delivered to the clerk's office or to the issuing attorney whose name and address appears below, no appearance is necessary. | | | DATE AND TIME February 4, 2015 |

The following document(s) or object(s) shall be produced:

See Attachment A

NOTE: Subpoena forms requiring the appearance of a witness to testify at a criminal proceeding or to testify and bring documents to a criminal proceeding, must use Form CAND 89A, *Subpoena to Testify in a Criminal Case*) or for the production of state law enforcement personnel or complaint records (CAND 89C, *Subpoena to Produce State Law Enforcement Personnel Or Complaint Records in a Criminal Case*) are available at the Court's Internet site: cand.uscourts.gov.

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| RICHARD W. WIEKING (By) Deputy Clerk MARK J. JENKINS | |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:

Cristina C. Arguedas, Arguedas, Cassman & Headley, LLP
803 Hearst Avenue, Berkeley CA 94710   (510) 845-3000

## Attachment A

As used in this subpoena, the terms "documents" and "records" include, but are not limited to, all books, papers, letters, correspondence, reports, memoranda, studies, calendars, appointment books, diaries, notes, messages, text messages, computer facilitated or transmitted materials, electronically stored information, telephonic voicemails (including those delivered or stored using Voice over Internet Protocol technologies), metadata, images, photographs, polaroids, information in any computer database, audio and video recordings, transcripts, ledgers, printouts, contracts, checks, receipts, and all copies or portions thereof, and any other written, recorded, or memorialized material of any nature whatsoever. To the extent that any documentary discovery is also contained in any format other than a paper copy (for example, a disc or computerized database such as USAmail), FedEx hereby requests that such electronic versions, including all available metadata, *also* be produced in addition to the paper copy.

This subpoena requests records maintained by any part of the U.S. Drug Enforcement Administration ("DEA"), including but not limited to the DEA's Office of Diversion Control, Office of Enforcement Operations, Diversion Groups or Enforcement groups or the Office of Chief Counsel, or any local, branch or other office of the DEA.

Please produce all records created since January 1, 2000 that meet the following descriptions:

1.  All documents and records that constitute, record or discuss any communication or meeting between any employee, agent or representative of the DEA (including members of any state or local law enforcement task force or Tactical Diversion Squad) and any employee, agent or representative of FedEx Corporation, Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") in which the participants discussed online pharmacies in general or any individual online pharmacy or pharmacies. In particular, and without limitation of this general request, please produce all documents and records that relate to the following communications, subjects and events:

    a.  A meeting that occurred on or about May 13, 2002 during which the participants discussed the topic of online pharmacies; the meeting was attended by FedEx representatives and representatives of the DEA (perhaps including DEA personnel Wayne Michaels, Michael Moy, Jim Portner, Howard Davis, and Sean Mahoney) and various other federal agencies.

    b.  Correspondence and communications involving Elizabeth Willis, Chief of the Drug Operations Section of DEA's Office of Diversion Control,

1

concerning FedEx, including, without limitation, records relating to the following:

    i. A meeting on or about January 5-6, 2004 between Elizabeth Willis and Wayne Michaels of the DEA and FedEx personnel William Henrikson, Robert Bryden, Alexander Kerr, Robert Leger, and James "Trey" Wade.

    ii. A telephone call on or about January 23, 2004 between Elizabeth Willis and FedEx Vice President for Corporate Security Bob Bryden.

    iii. Correspondence and communications with FedEx following the January 2004 telephone call concerning a subpoena and/or request for information by the DEA, and any FedEx response thereto.

    iv. Communications or correspondence in or about December 2005 between FedEx representatives, including but not limited to Alex Kerr or Mark Hogan, and DEA personnel Elizabeth Willis or Frank Younker.

c. All records relating to the June 23, 2005 Parcel Carrier Meeting attended by FedEx employees and representatives of the DEA including Mark Caverly, Wes Clark, Steve Dougherty, Pat Good, Ben Sanborn, Charlie Trant, Matt Murphy, and/or Frank Younker.

d. All records and communications relating to FedEx's cooperation and assistance with the DEA's 2005 "Operation CYBERx" (or "Cyber Rx") investigation in Texas, including without limitation all records in the possession of DEA personnel Tim Stover, Joel Dunn, Dale Newkirk, Joy Kusel, and Alan Burkhead.

e. All records and communications relating to FedEx's cooperation in 2006 with an investigation by Oklahoma City DEA personnel Ginger Crowder and John Kushnir (or their colleagues) into shipments from Superior Drugs to Jami Kay Beardsley and/or the Spence Group, and any subsequent investigation conducted by the DEA into Superior Drugs or Dr. Tornio R. Jennings.

f. All records and communications relating to FedEx's cooperation and assistance with a 2007 investigation into online pharmacies conducted by the DEA Dallas Field Office, including without limitation all records in the

possession of DEA personnel Tim Stover, Joel Dunn, Dale Newkirk, Joy Kusel, and Alan Burkhead.

g. All records constituting or relating to communications between DEA personnel or members of DEA taskforces and FedEx employees or representatives concerning pharmaceutical shipments into the states of Kentucky, Tennessee, Virginia or West Virginia, including but not limited to:

   i. Meetings, communications or correspondence in early 2005 between DEA personnel and FedEx employees Robert Bilek, Kirk Morgan and/or Eric Borer, including but not limited to meetings that occurred in Louisville, Kentucky and/or Lexington, Kentucky.

   ii. Meetings, communications or correspondence between FedEx employees or representatives and members of the DEA Lexington Task Force, including without limitation Task Force Officer Lynne Thompson.

   iii. Any DEA subpoena or request for information for records concerning pharmaceutical shipments into Kentucky, Tennessee, Virginia, or West Virginia, including but not limited to requests or subpoenas issued by DEA personnel stationed in Louisville, Kentucky.

   iv. Copies of any records or other communication provided by FedEx in response to a subpoena or request for information for records concerning pharmaceutical shipments into Kentucky, Tennessee, Virginia, or West Virginia, including but not limited to requests or subpoenas issued by DEA personnel stationed in Louisville, Kentucky.

   v. Meetings, communications or correspondence between FedEx employee Katina Burchfield and DEA personnel or members of DEA taskforces, including but not limited to any meetings, communications or correspondence between Burchfield and an agent named Bethel "Bubba" Poston.

   vi. Meetings, communications or correspondence between DEA agent Troy Stout and FedEx employee Jamella Deraimo, or any other FedEx employee or representative.

3

h. All records constituting or relating to communications between FedEx personnel and DEA Diversion Investigator Steve Dougherty concerning any investigation of an online pharmacy, including without limitation communications in or around May 2006 between Steve Dougherty and FedEx personnel Matt Vega, Mark Hogan, and/or Tracey Wheatley.

i. All records constituting or relating to communications between FedEx personnel and Matt Murphy, Chief of the DEA's Pharmaceutical Investigations Section, and Jim Byrom, a Program Analyst in the DEA's Pharmaceutical Investigations Section. This request includes, without limitation, records relating to the following:

   i. Meetings on or around March 16, 2006 in Memphis, TN attended by Matt Murphy, Jim Byrom, and FedEx representatives.

   ii. Correspondence in or around May 2006 between Jim Byrom and FedEx employee Mark Hogan.

   iii. Meetings and correspondence between Matt Murphy and Jim Byrom and FedEx personnel in August 2006.

   iv. Records constituting or relating to any presentation given by Matt Murphy and/or Jim Byrom at FedEx's Global Security Summit in August 2006.

   v. All records relating to or discussing Murphy's December 20, 2006 email correspondence with FedEx Senior Vice President for Security Bruce Townsend.

   vi. Communications between Matt Murphy and/or Jim Byrom and FedEx personnel on the subject of the DEA's investigation of online pharmacies or allegedly illicit pharmaceutical diversion, including but not limited to records relating to potential DEA subpoenas to be issued to FedEx.

j. All records relating to DEA communications with and cooperation by FedEx Security Specialist Kelly Kraemer concerning a DEA investigation of Woodbury Pharmacy II, including but not limited to all communications between Kraemer and DEA agent Richard L. Springer and/or his colleagues in the DEA's New York Field Division.

k. All records constituting or relating to communications between DEA personnel and FedEx personnel concerning an online pharmacy called

4

        AVEE, including but not limited to any communication in or around December 2006 with FedEx employee Kirk Morgan.

l.     All records relating to communications in 2008 and 2009 about shipments from Creative Pharmacy between DEA Dallas Field Division personnel, including but not limited to Agent Joel Dunn, and FedEx employees, including but not limited to Senior Security Specialist Jim Waters; all records relating to any investigation of Creative Pharmacy conducted by the DEA Dallas Field Division; and all records constituting or relating to communications between the DEA Dallas Field Division and DEA personnel in other regions, including but not limited to Florida, concerning Creative Pharmacy.

m.     All records constituting or relating to communications relating to pharmaceuticals between DEA personnel and James "Trey" Wade or employees in FedEx's "CSAC" or Quality Control and Loss Prevention teams. This request includes, without limitation, 2008, 2009 and/or 2010 communications between James "Trey" Wade or employees in FedEx's "CSAC" or Quality Control and Loss Prevention teams and (1) DEA agents Chambers or Brown from DEA's Memphis, TN office, or (2) representatives of DEA's Office of Diversion Control stationed in Nashville, TN.

n.     All records constituting or relating to 2010 communications between FedEx representatives and DEA personnel in Louisiana or DEA task force personnel in Louisiana concerning entities named First Nations and Marketing US Solutions.

o.     All records constituting or relating to communications in 2004 between DEA personnel, including without limitation DEA agent Treva J. Whitfield and/or other members of DEA's New Orleans Field Division, and employees or representatives of FedEx, including without limitation Records Custodian Lance McGlothin, concerning American Medical Services, Dynamic Health Solutions, Rx-Max, Medical Enterprises, Medscripts, Medscripts MD, or Speedy Meds. This request seeks, without limitation, all records that relate to the DEA New Orleans Field Office's acquisition of FedEx shipment and delivery records for American Medical Services, Dynamic Health Solutions, Rx-Max, Medical Enterprises, Medscripts, Medscripts MD, or Speedy Meds, including without limitation an administrative subpoena served upon FedEx on March 19, 2004 and any other subpoenas or document requests issued by the DEA to FedEx, any responses to such subpoenas or requests by FedEx, and any

communications between FedEx and DEA personnel relating to these matters.

p. All records constituting or relating to communications in 2008 between DEA personnel, including without limitation DEA agent Todd Stremlau and/or other members of DEA's New Orleans Field Division, and employees or representatives of FedEx concerning Superior Drugs (Creative Pharmacy Services), Terrace Pharmacy, United Care Pharmacy, Grand Coteau Prescription Shoppe, 121Pharmacy.com, onetoonepharmacy.com, Rock Canyon Pharmacy or Baktag Limitada. This request seeks, without limitation, all records that relate to the DEA New Orleans Field Office's acquisition of FedEx shipment and delivery records for Superior Drugs (Creative Pharmacy Services), Terrace Pharmacy, United Care Pharmacy, Grand Coteau Prescription Shoppe, 121Pharmacy.com, onetoonepharmacy.com, Rock Canyon Pharmacy or Baktag Limitada, including any subpoenas or other document requests issued by the DEA to FedEx, any responses by FedEx, and any communications between FedEx and DEA personnel relating to these matters.

q. All records relating to any effort by any DEA agent to investigate possible criminal or civil liability by common carriers for the shipment of online pharmaceutical packages, and all records relating to any conclusion whether such liability could be established. This request includes, without limitation, records relating to efforts by Dallas DEA agent Joel Dunn and/or his colleagues to explore "liability issues" concerning common carriers, as well as records relating to the conclusion by Dunn and/or his colleagues that the common carriers' "intent" could not be demonstrated.

r. All records related to a DEA-sponsored Pharmaceutical Industry Conference held in September 2007 in Houston, TX, including but not limited to records relating to the attendance of FedEx personnel at the conference; communications by DEA personnel or other government representatives to attendees of the conference; and any communications between FedEx personnel and any DEA or other government representative.

s. All records of communications between DEA personnel and any representative of FedEx that discussed or related to any of the following persons or entities:

    Vincent Chhabra
    Robert Smoley

6

Sabina Faruqui
Wayne White
Anthony Spence
Christopher Napoli
Sanford Cohen
Orlando Birbragher
Marshall Kanner
David Glass
Michael Bezonsky
Claude Covino
Creative Pharmacy Services (doing business as Superior Drugs)
Rx Network
Icom Group
Dipardi Pharmacy
Waterview Pharmacy
CNL Financial
Next Generation Health Systems
Prescriptions & Travel
Prescription Resources
Lakeridge Pharmacy
C&V Pharmacy
2U Net-Mail (also known as Choice Rx)
Rx Direct
Falks Lignell (also known as Falk's Home Medical Supply)
United Care Pharmacy
Kwic Fill
Tri-Phasic Pharmacy
United Mail LLC
United Mail Pharmacy
United Mail Pharmacy Services
USA Prescription, Inc.
VKC Consulting, LLC
Genetechnica
Physicians Online Network
The Spence Group
Pharmacom
Carmel Management
SaveOn Rx
SafescriptsOnline
Affpower
American Medical Services
Dynamic Health Solutions
get-it-on.com

>    cybrx.com
>    USAPrescription.com
>    myrxeasy.com
>    ezrxovernight.com
>    fastplanetrx.com
>    ezmedsonline.com
>    discreetonlinemeds.com
>    pricebustersrx.com
>    safescriptsonline.com
>    safetrustprocessing.com
>    integrarx.com
>    medscriptsmd.com
>    order-viagra-online.net

2.  For each of the persons and entities listed in Request #1(s), please produce:

    a.  All records relating to the DEA's registration of such person or entity and all records relating to the DEA's decision whether to register the person or entity.

    b.  All records relating to the DEA's renewal of the person's or entity's registration and all records relating to the DEA's decision whether to renew the person's or entity's registration.

    c.  The contents of the DEA's Controlled Substances Act file related to the person or entity.

    d.  The contents of all criminal or regulatory investigative files related to the person or entity.

    e.  All records relating to any civil, regulatory or administrative action considered or taken by the DEA against the person or entity, including but not limited to verbal warnings, letters of admonition, informal hearings, orders to show cause, the application of any administrative code to the person or entity's registration, administrative inspections, pre-registration inspections, registration suspensions, registration revocations, and denials of applications for registration. This request seeks, without limitation, all records, correspondence, notes and memoranda relating to proposed or requested civil, regulatory or administrative actions. It also seeks, without limitation, all records, correspondence, notes and memoranda related to the DEA's decision whether or not to take such civil, regulatory or administrative actions.

8

f.  All records constituting or relating to any correspondence or communication between any DEA personnel and the person or entity.

g.  All records documenting or relating to visits or meetings between DEA personnel and the person or entity, including but not limited to records of DEA inspections of pharmacies.

h.  Any record of any Suspicious Order Report relating to the person or entity.

i.  All records relating to any action, correspondence or decision taken as a result of the DEA's Miami Field Division Diversion Group's December 11, 2006 request that "the Office of Chief Counsel issue an Immediate Suspension on the DEA Registration Number of CREATIVE PHARMACY SERVICES, INC. d/b/a SUPERIOR DRUGS, 9920 N.W. 2th Avenue, Miami, Florida 33147" (DEA number BC6963044).

9

CAND 89B (Rev. 8/12) Subpoena to Produce Documents or Objects in a Criminal Case

# PROOF OF SERVICE

| | | |
|---|---|---|
| **RECEIVED BY SERVER** | DATE | PLACE |
| **SERVED** | DATE | PLACE |
| **SERVED ON (PRINT NAME)** | | **FEES AND MILEAGE TENDERED TO WITNESS** ☐ YES ☐ NO AMOUNT $ |
| **SERVED BY (PRINT NAME)** | | **TITLE** |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE                           SIGNATURE OF SERVER

ADDRESS:

ADDITIONAL INFORMATION