MELINDA HAAG (CABN 132612)
United States Attorney

DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

KIRSTIN M. AULT (CABN 206052)
KYLE F. WALDINGER (CABN 298752)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    Kirstin.ault@usdoj.gov
    Kyle.waldinger@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX CORPORATION,<br>FEDERAL EXPRESS CORPORATION,<br>  (A/K/A FEDEX EXPRESS),<br>FEDEX CORPORATE SERVICES, INC.,<br><br>    Defendants. | CR 14-380 CRB<br><br>DECLARATION OF AUSA AULT IN SUPPORT OF MOTION TO QUASH RULE 17(C) SUBPOENA |

1. I am one of the Assistant United States Attorneys assigned to the above-captioned matter.

2. My statements herein are based on my own personal knowledge as well as my conversations with agents involved in this investigation and the paralegals and staff responsible for assisting with the collection and production of discovery and evidence in this matter.

3. On or about July 29, 2014, the United States began producing discovery to the defendants.

4. To date, the United States has produced more than 1,142 gigabytes or 1.14 terabytes of

information, including at least 2,899,215 separate files. Wherever possible, the United States has processed this information using optical character recognition ("OCR") techniques that allow the discovery to be electronically searched. The United States has engaged in multiple conversations with counsel for the defense to ensure that materials are produced in a manner that is consistent with the discovery-processing technology they are using.

5. A discovery guide is updated and provided to the defense with each production. As of January 22, 2015, the discovery guide encompassed 22 pages and more than 600 separate entries.

6. In addition to the materials the United States has provided, FedEx produced to the United States over 1 million pages of materials in response to requests from the United States for information related to Internet pharmacies.

7. Attorneys, agents and paralegals working on this matter have contacted at least 6 U.S Attorney's Offices and have obtained documents from investigations conducted in more than 20 states. The DEA agents assigned to this matter have also contacted more than 16 DEA offices, as well as DEA headquarters, regarding over 13 Internet pharmacy investigations, including those of RxNetwork and Superior Drugs. FDA agents assigned to this matter have similarly contacted 7 FDA offices regarding 12 Internet pharmacy investigations. The United States has obtained case files, attorney files, discovery and trial materials, all of which have been reviewed and produced to the defense except for non-discoverable materials.

8. DEA and FDA agents assigned to this matter have contacted more than 26 DEA employees and 8 FDA employees who they are aware attended a substantive meeting or had a substantive communication with a FedEx employee regarding the subject of Internet pharmacies and have collected materials regarding those meetings or communications. Substantive meetings and communications are those involving subjects other than the routine issuance of a subpoena for shipping records. In addition, requests have been sent to more than 100 DEA agents involved in Internet pharmacy investigations requesting information about substantive communications or meetings with FedEx employees. The resulting materials were reviewed and discoverable items have been produced to the defense.

9. The DEA is also undertaking the following:

a. Each DEA employee identified in the subpoena as potentially having substantive communications with FedEx representatives is being asked to search his or her records again for documents regarding substantive communications and meetings with FedEx concerning Internet pharmacies. The DEA agents assigned to this matter have already contacted a number of these individuals and have provided documents regarding their substantive communications and meetings with FedEx in discovery. Any additional documents that are uncovered will be reviewed for material not subject to production, and the remaining materials will be produced. A number of the identified employees have retired or left the DEA. A reasonable effort will be made to determine if any documents regarding relevant communications they may have had can be located.

b. All DEA employees are being asked whether they had substantive communications or meetings with any FedEx employee regarding the subject of Internet pharmacies or a particular Internet pharmacy. Any employees who have had such communications or meetings are being asked to search their records for documents regarding such communications or meetings.

c. Any DEA registrations for the individuals and entities identified in the subpoena's Request 1(s) that have not already been produced will be provided.

10. On January 13 and January 20, 2015, counsel for the United States met and conferred by telephone with the counsel for the defendants. The defendants declined to modify any of the subpoena's requests or definitions. Defense counsel agreed that, while the subpoena requires the DEA to search for records in each office, the DEA need not conduct a search in an office where it affirmatively knows no records may be found. The defendants did not agree to a methodology by which a search for records may be conducted, such as by identifying custodians and search terms for electronic records.

11. The United States has produced DEA registration documents pertaining to at least 10 of the pharmacies identified in Request 1s. Based on a search of DEA records, it appears that only 17 of the 56 persons and entities listed in Request 1s have been registered by the DEA.

12. On August 5, 2014, counsel for the United States and counsel for the defendants

AULT DECL. ISO MOT. TO QUASH    3
CR 14-380 CRB

conducted a telephone conference to discuss discovery issues. Regarding a defense request for DEA registrations, the United States asked defense counsel to review the discovery that would be produced and inform counsel for the United States if the defense wished for registrations that were not otherwise produced. Counsel for the United States offered to assist the defense with procuring any additional registrations necessary to the preparation of the defense.

I declare under penalty of perjury that the above is true and correct to the best of my knowledge.

DATED: 1-30-15

KIRSTIN M. AULT
Assistant United States Attorney

AULT DECL. ISO MOT. TO QUASH        4
CR 14-380 CRB