Cristina C. Arguedas (CalBN 87787)
  Email: arguedas@achlaw.com
Ted W. Cassman (CalBN 98932)
  Email: cassman@achlaw.com
Raphael M. Goldman (CalBN 229261)
  Email: goldman@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

Allen J. Ruby (CalBN 47109)
  Email: allen.ruby@skadden.com
Jack P. DiCanio (CalBN 138782)
  Email: jack.dicanio@skadden.com
Patrick Hammon (CalBN 255047)
  Email: patrick.hammon@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for FedEx Corporation,
Federal Express Corporation and
FedEx Corporate Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC., <br><br> Defendants. | **No. CR 14-380 (CRB)** <br><br> **FEDEX DEFENDANTS' MOTION TO CONTINUE THE DATE FOR TRIAL** <br><br> Date: August 19, 2015 <br> Time: 10:00 a.m. <br> Hon. Charles R. Breyer |

Defendants FedEx Corporation, Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") respectfully — and reluctantly — seek an order continuing the date for trial in this matter until September 12, 2016. The continuance is necessary to vindicate FedEx's Sixth Amendment rights to compel evidence and prepare its defense.

The parties previously stipulated to, and the Court approved, an "aggressive" pre-trial and trial schedule that called for the trial to begin February 29, 2016, with final pretrial motions to be filed on September 9, 2015 and heard November 4, 2015. *See* Dkt. #68 (scheduling order) & #69 (transcript of January 21, 2015 hearing). Since that time, FedEx requested and the Court issued pursuant to Federal Rule of Criminal Procedure 17(c) a number of subpoenas *duces tecum* to various federal and state law enforcement agencies. Dkt. #81, 85, 98, 105. The subpoenas are designed to obtain evidence that will be crucial to FedEx's defense by showing its good-faith cooperation with law enforcement efforts throughout the period covered by the charges in the indictment. *See* Dkt. #88 & 96.

Most of the Rule 17(c) subpoenas were issued by the Clerk of the Court on May 19, 2015, and called for compliance by June 15, 2015. Declaration of Cristina C. Arguedas in Support of Motion to Continue Trial ("Arguedas Decl.") ¶ 3. FedEx served the subpoenas on the various agencies, and since that time FedEx counsel has communicated on a regular basis with counsel for the subpoenaed agencies about the contours of the agencies' searches through their files for responsive records. *Id*. ¶¶ 4-5. FedEx has agreed to periodic extensions of the dates for compliance with the subpoenas to accommodate the parties' continuing discussions and the agencies'

ongoing efforts to identify responsive records.  *Id.* ¶ 6.

As discussed in more detail in counsel's accompanying declaration, a number of agencies, including each of the subpoenaed federal agencies, have explained that the searches called for by the subpoenas will take at least several more months to complete.  Arguedas Decl. ¶ 7.  These explanations appear reasonable and credible; the delays arise not from recalcitrance or the agencies' attempts to evade their obligations, but from the fact that — due to the breadth of the charges in the superseding indictment in this case — the subpoenas by necessity ask the law enforcement agencies to dig into records created, in some instances, more than a decade ago.  *Id.* ¶¶ 7-8.  Thus, for example, one of the agencies will need to undertake the time-consuming process of converting old email files into a type that is readable using today's technology, *id.* ¶ 7(c), and another is exploring options for searching email records stored pursuant to a "disaster recovery" protocol, *id.* ¶ 7(d).  Each of the federal agencies subpoenaed by FedEx, as well as the Florida Department of Law Enforcement, has expressed that their records searches will likely take at least until the middle of September to complete; several of the agencies' searches will take substantially longer.  *Id.* ¶ 7(a)-(e).  Other state and local agencies are in the process of searching their records; some may complete the process before September, but others likely will not.  *Id.* ¶ 7(f).

Additionally, the federal agencies have expressed that, once their records searches are complete, they may assert privileges and refuse to produce certain records that are otherwise responsive to the subpoenas.  *Id.* ¶ 9.  It is difficult to anticipate the shape of any dispute at this point, but the agencies' statements do raise

the specter of litigation over the agencies' privilege claims.  In sum, especially taking account of the inevitable delays and potential privilege litigation, the process of obtaining and analyzing all the records to which FedEx is entitled under the Court's rulings appears likely to continue well into 2016.

Finally, leaving aside the subpoenaed agencies, the prosecution in this matter is still producing substantial quantities of discovery to the defense.  On July 22, 2015, the prosecution produced to FedEx more than 11 gigabytes of data, which included more than 165,837 pages of documentary records, among other items.  *Id*. ¶ 10.  FedEx understands that additional discovery still remains to be produced.  *Id.*

The present schedule calls for FedEx to file its final pretrial motions on September 9, 2015, to file motions *in limine* in January 2016, and to begin trial at the end of February.  Docket #68.  It cannot be overstated how eager FedEx is to begin the trial and to defend its good name.  But, as further discussed in the accompanying Supplemental Declaration of Cristina C. Arguedas, filed *in camera* and under seal, the subpoenaed records are vital defense evidence.  It would be unfair — and a violation of FedEx's Sixth Amendment rights to compel evidence and prepare its defense — to force FedEx to file its final motions and go to trial without having obtained records that will support its defenses and answer the Court's questions: "What did FedEx know?  What were they told?  What did they do?  What did they say?"  *See* Dkt. #53 (9/25/2014 Tx) at 5:8-12 & 22-24; *see also* Dkt. #69 (1/21/2015 Tx) at 8:20-23, 9:24-10:3, 11:20-12:16; Dkt. #85 (2/20/2015 Tx) at 11:3-8.

FedEx requests that the Court continue the date for trial until September 12, 2016, and that the pretrial schedule previously entered by the Court, *see* Dkt. #68, be

amended as follows:

Expert Disclosures

October 14, 2015          Rebuttal expert disclosures are due

Grand Jury Disclosures

June 8, 2016              Remaining grand jury transcripts from the Northern District of California to be disclosed

Motions Round #3

April 6, 2016             Motions Round #3 – opening briefs are due

May 4, 2016               Motions Round #3 – responsive briefs are due

May 18, 2016              Motions Round #3 – reply briefs are due

June 1, 2016              Hearing on Motions Round #3

Pretrial and Trial

June 8, 2016              Rule 404(b) notice is due

June 8, 2016              Prosecution witness list is due

June 22, 2016             Defense witness list is due

July 27, 2016             Motions in Limine are due

August 10, 2016           Motions in Limine oppositions are due

August 24, 2016           Motions in Limine replies are due

August 24, 2016           Pretrial filings are due

August 31, 2016           Pretrial conference

1 | September 12, 2016   Jury selection

2 | September 14, 2016   Opening statements

3 | //

4 |

5 | Dated:  August 7, 2015

6 | Respectfully submitted,         ARGUEDAS, CASSMAN & HEADLEY, LLP

By: _____/s/_____
      Cristina C. Arguedas
      803 Hearst Avenue
      Berkeley, CA 94710
      (510) 845-3000

      Counsel for FedEx Corporation,
      Federal Express Corporation and
      FedEx Corporate Services, Inc.