Cristina C. Arguedas (CalBN 87787)
  Email: arguedas@achlaw.com
Ted W. Cassman (CalBN 98932)
  Email: cassman@achlaw.com
Raphael M. Goldman (CalBN 229261)
  Email: goldman@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

Allen J. Ruby (CalBN 47109)
  Email: allen.ruby@skadden.com
Jack P. DiCanio (CalBN 138782)
  Email: jack.dicanio@skadden.com
Patrick Hammon (CalBN 255047)
  Email: patrick.hammon@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for FedEx Corporation,
Federal Express Corporation and
FedEx Corporate Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC.,<br><br>  Defendants. | **No. CR 14-380 (CRB)**<br><br>**DECLARATION OF CRISTINA C. ARGUEDAS IN SUPPORT OF THE FEDEX DEFENDANTS' MOTION TO CONTINUE THE DATE FOR TRIAL** |

I, Cristina C. Arguedas, declare as follows:

1. I am a partner at Arguedas, Cassman & Headley, LLP, counsel of record for defendants FedEx Corporation, Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") in the above-titled matter. I make this declaration in support of FedEx's motion to continue the date for trial in this matter until September 12, 2016.

2. The parties previously stipulated to, and the Court approved, an "aggressive" pre-trial and trial schedule that called for the trial to begin in February 2016, with final pretrial motions to be filed on September 9, 2015 and heard November 4, 2015. *See* Docket #68 (scheduling order) & #69 (transcript of January 2, 2015 hearing). Since that time, FedEx requested and the Court issued pursuant to Federal Rule of Criminal Procedure 17(c) a number of subpoenas *duces tecum* to various federal and state law enforcement agencies. Docket #81, 85, 98, 105. The subpoenas are designed to obtain evidence that will be crucial to FedEx's defense by showing its good-faith cooperation with law enforcement efforts throughout the period covered by the charges in the indictment. *See* Docket #88 & 96.

3. The Clerk of the Court issued fourteen Rule 17(c) subpoenas on May 19, 2015; these subpoenas were directed to the United States Food and Drug Administration ("FDA"), the Federal Bureau of Investigation ("FBI"), United States Customs and Border Protection ("CBP"), the United States Postal Inspection Service ("USPIS"), the Florida Department of Law Enforcement ("FDLE"), the Kentucky Office of the Attorney General ("KOAG"), the Kentucky State Police ("KSP"), the Tennessee Bureau of Investigation ("TBI"), the Sullivan County (Tennessee) Sheriff's Department,

the Bristol (Virginia) Police Department, the Bristol (Tennessee) Police Department, the West Virginia State Police, the West Virginia Board of Pharmacy.  The subpoenas as issued by the Court directed the agencies to comply by June 15, 2015.

4. FedEx counsel caused the subpoenas to be served upon each of the fourteen law enforcement agencies.

5. After serving the subpoenas, counsel in my firm and other counsel for FedEx contacted each of the subpoenaed agencies.  Since the initial contacts, FedEx counsel have been in frequent contact with representatives of the subpoenaed agencies.  FedEx counsel has communicated with agency counsel and other representatives about, among other subjects, the agencies' capabilities for conducting searches for responsive records and the contours of the searches to be conducted.

6. FedEx has periodically agreed to short extensions of the dates for compliance with the subpoenas in order to accommodate the parties' continuing discussions and the agencies' ongoing efforts to identify responsive records.

7. Representatives of a number of the subpoenaed agencies have explained that the agencies' searches for responsive records will take at least several more months to complete:

    a. Counsel for the FDA indicated during a July 21, 2015 telephone call that the FDA hopes to be able to begin producing documents responsive to the subpoena within the next several weeks, but that it is unlikely to be able to complete its production before September 15, 2015.

    b. Counsel for the FBI indicated during an August 6, 2015 telephone call that the agency will likely be able to produce some responsive records within the

next three to four weeks, but that other responsive records will take substantially longer to identify and review.  The agency's representatives were unable to provide an approximate deadline for completing the process because the agency is still working to overcome some technical obstacles to its search of certain electronic files, and the duration of the eventual search will depend in large part on the number of "hits" that result from the application of search terms to files.

   c. FedEx counsel spoke most recently on July 22, 2015 with counsel for CBP.  CBP indicated that the agency is undertaking to search its records for responsive records.  However, the agency's lawyers described that some of the older email records that must be searched are presently stored in a format that is not readable by the agency's software.  Those emails must be converted to a readable form.  CBP counsel said that the conversion process would likely take approximately three months to complete, and that the converted records could thereafter be searched.  Accordingly, the agency will be unable to complete its production of records until sometime after the middle of October 2015.

   d. FedEx counsel have been involved in ongoing discussions with counsel for and representatives of USPIS, speaking most recently on August 5, 2015.  USPIS's representatives have indicated that the agency is undertaking to search its records for responsive records.  USPIS retained certain email records only pursuant to a "disaster recovery" protocol, limiting the agency's ability to search those records, and the agency is exploring options for harvesting the emails through the use of a vendor.  Even leaving that issue aside, the agency's representatives have stated that its searches for responsive records will likely take two to three months to complete.

   e. FedEx counsel has communicated a number of times with a representative from the FDLE. On July 10, 2015, FDLE representatives told FedEx counsel that the agency will require sixty business days — i.e., until October 10th — before the agency can begin producing documents. The agency has not yet been able to provide a date by which its production will be completed.

   f. FedEx counsel has also communicated with representatives for the other subpoenaed agencies: the KOAG, the KSP, the TBI, the Sullivan County (Tennessee) Sheriff's Department, the Bristol (Virginia) Police Department, the Bristol (Tennessee) Police Department, the West Virginia State Police, and the West Virginia Board of Pharmacy. A few of these agencies have reported that they are unable to locate any responsive documents, or have produced records that purport to be all responsive documents in the particular agency's custody and control; FedEx counsel is in the process of speaking with these agencies about the contours of their searches to ensure they were complete. Other agencies have reported that they are in the process of searching for responsive records; these agencies have expressed that the searches could take substantial time to complete. Although I expect that some of the remaining state and local law enforcement agencies will be able to complete their search for and production of records before September 2015, I also expect that at least a few of them will be unable to do so.

  8. The agencies' explanations for the delays in producing records appear reasonable, as FedEx's subpoenas by necessity ask the law enforcement agencies to search for records created, in some instances, more than a decade ago.

  9. Representatives for each of the federal agencies have cautioned FedEx

counsel during telephone discussions that even once responsive records are identified, the agencies may assert privileges and refuse to produce certain of those responsive records.

10. The U.S. Attorney's Office for the Northern District of California ("USAO") continues to produce to FedEx additional Rule 16 discovery on a periodic basis. On July 22, 2015, the USAO produced to FedEx more than 11 gigabytes of data, which included more than 165,837 pages of documentary records, among other items. Based on conversations with the prosecutors, I understand that additional discovery still remains to be produced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge. Signed this 7th day of August, 2015 in Berkeley, California.

/s/
Cristina C. Arguedas