1  MELINDA HAAG (CABN 132612)
United States Attorney

2

3  DAVID R. CALLAWAY (CABN 121782)
Chief, Criminal Division

4  KIRSTIN M. AULT (CABN 206052)
KYLE F. WALDINGER (CABN 298752)

5  W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

6

7  JENNY C. ELLICKSON (DCBN 489905)
Trial Attorney

8        450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495

9        Telephone: (415) 436-6940
       FAX: (415) 436-7234

10       Kirstin.ault@usdoj.gov
       Kyle.waldinger@usdoj.gov

11       Wilson.leung@usdoj.gov

12  Attorneys for United States of America

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15                   SAN FRANCISCO DIVISION

16  UNITED STATES OF AMERICA          )    CR No. 14-380 CRB
                                     )
17        Plaintiff,                  )    UNITED STATES' OPPOSITION TO FEDEX
                                     )    DEFENDANTS' MOTION TO CONTINUE THE DATE
18     v.                            )    FOR TRIAL
                                     )
19  FEDEX CORPORATION,               )    Hearing Date:   August 19, 2015
    FEDERAL EXPRESS CORPORATION,     )    Hearing Time:   10:00 a.m.
20     (A/K/A FEDEX EXPRESS)         )    Court:          Hon. Charles R. Breyer
    FEDEX CORPORATE SERVICES, INC.,  )
21                                   )
        Defendants.                  )
22                                   )

23                    I.   **INTRODUCTION**

24        The defendants' motion for a 6-month continuance of the trial date should be denied because their

25  premature speculation about future document productions does not justify the lengthy continuance they

26  request.  The defendants' requested continuance is based on their anticipated receipt of documents from

27  two sources: (1) fourteen Rule 17(c) subpoenas they obtained for four federal and ten state law

28

1   enforcement agencies; and (2) the United States' on-going document production.  First, the defendants

2   will learn nothing new from the Rule 17(c) subpoenas because these subpoenas merely request

3   information that is already known to the defendants, since the subpoenas seek documentation of

4   communications that occurred with the defendants themselves.  Moreover, the information sought –

5   evidence of FedEx's good character in being helpful to government investigations – is unlikely to be

6   relevant or admissible at trial.  Second, the United States has substantially completed its discovery

7   production, and is collecting and producing the remaining items only in an abundance of caution, not

8   because they are particularly pertinent to the prosecution or any defenses that the United States can

9   foresee.  Therefore, any outstanding materials are unlikely to cause a sea-change in the defendants'

10  approach to this case, and the defendants should have ample time to review and process any new

11  information in the time remaining before trial.  In the unlikely event that the subpoena returns or

12  remaining government production generate important new evidence that might justify a continuance, the

13  Court could consider the matter then.  The Court should not grant the defendants' premature request for

14  a continuance now, based on speculation about future events that may or may not come to pass.  A

15  proposed order denying the defendant's motion without prejudice is submitted herewith as Attachment

16  A.

17          Even if the Court concludes that the defendants have provided a sufficient basis for obtaining a

18  limited continuance at this time, they have provided no justification for their request to delay the trial by

19  half a year.  To vindicate the public's and the United States' right to a speedy trial, any continuance

20  must be no longer than necessary to accommodate the alleged justification for the delay.  Here, the

21  defendants have already received subpoena responses from a number of agencies, who have either

22  provided few documents or stated that none will be forthcoming.  The United States' document

23  production should be complete by the end of September, with the caveat that as the United States

24  continues to investigate and prepare for trial, additional materials may be generated or discovered, as

25  may happen in any case.  The defendants should have ample time to address all discovery materials on

26  the current schedule, but even if the Court determines that additional time is necessary, a continuance of

27  three months would be more than sufficient to accommodate the defendants' alleged need for more time

28

1   to review these documents before trial.  A proposed order continuing the deadlines imposed in the

2   Court's original scheduling order by three months and excluding time under the Speedy Trial Act is

3   submitted herewith as Attachment B.

4          Finally, if the Court agrees to grant the defendants' motion for continuance for the requested six-

5   month period, the Court should not sign the proposed order submitted by the defendants.  That proposed

6   order is defective in two respects:  (1) it does not contain findings or an order for exclusion of time

7   under the Speedy Trial Act; and (2) it makes two important changes to the Court's original scheduling

8   order that have not been discussed with or agreed to by the United States: adding deadlines for the

9   disclosure of witness lists three months before trial and shortening the time for oppositions to motions in

10  limine.  A proposed order continuing the deadlines imposed in the Court's original scheduling order, to

11  which all parties agreed, by six months and excluding time under the Speedy Trial Act is submitted

12  herewith as Attachment C.

## II.   BACKGROUND

### A.   The Rule 17(c) Subpoenas

15         The grand jury returned an indictment in this matter on July 17, 2014.  Clerk's Record ("CR") 1.

16  On or about January 8, 2015, the defendants served a subpoena on the Drug Enforcement

17  Administration ("DEA") requesting documents concerning communications between DEA and FedEx

18  representatives on the subject of Internet pharmacies, among other things.  CR 71, App. A.  The Court

19  issued the subpoena based on the defendants' *ex parte*, under seal request.  On January 30, 2015, the

20  United States moved to quash the subpoena.  CR 71.  On February 20, 2015, the Court quashed the

21  subpoena in part, but allowed the portion of the subpoena pertaining to communications between DEA

22  and FedEx to remain.  CR 81.

23         On January 23, 2015, the Court entered an order setting a trial date, as well as dates for pre-trial

24  motions and filings, and excluding time under the Speedy Trial Act, based on a stipulation jointly

25  entered by the parties.  CR 62, 68.

26         On March 25, 2015, the defendants requested that the Court issue subpoenas to four federal and

27  ten state law enforcement agencies for documents concerning communications between representatives

28

U.S. OPP. TO MOT. FOR CONTINUANCE                   3
CR No. 14-380 CRB

1  of those agencies and FedEx employees.  CR 88.  The request for the subpoenas identified the FedEx

2  employees and, in many instances, the law enforcement agents who participated in the communications.

3  *Id*.  On May 14, 2015, the Court granted the defendants' motion, and on May 19, 2015, the subpoenas

4  were issued with a return date of June 15, 2015.  CR 98.  The defendants did not serve the subpoenas

5  immediately, instead waiting two weeks to serve subpoenas on some of the affected agencies and

6  declining to serve others at all.  Declaration of AUSA Ault ("Ault Decl."), submitted herewith, ¶¶ 6-8.

7        Of the ten state agencies for which the Court issued subpoenas, two were never served, two had

8  previously provided records to the United States which had been produced to the defendants months

9  prior to the issuance of the subpoenas, and two have completed their production by providing one

10 document each to FedEx.  Ault Decl. ¶¶ 3-7.[1]  Only the Florida Department of Law Enforcement

11 ("FDLE") has stated that it will take 60 days to search for and produce requested records – a search that

12 could be expedited if FedEx provided additional information to FDLE which has been promised but is

13 yet to be forthcoming.  Ault Decl. ¶ 8.  There is no reason to believe that the FDLE production

14 ultimately will be more extensive or revealing than the records that have already been produced.

15       Of the four federal agencies, the Food and Drug Administration ("FDA") is anticipated to

16 complete its production by the end of September, and, based on review of documents so far, anticipates

17 that few documents of any significance will be produced.  Ault Decl. ¶ 11.  The other federal agencies

18 have spent weeks negotiating the scope of the overbroad subpoenas and stand ready to begin rolling

19 productions as soon as a reasonable agreement can be reached with the defendants.  Ault Decl. ¶ 12.

20 **B.    The United States' Document Production**

21       The United States has produced substantial amounts of discovery to the defense.  Although the

22 United States believes that under the law it is not required to produce materials that are not within the

23 custody and control of the prosecuting attorney or the investigating agents, the United States has gone

24 above and beyond its legal obligations to gather materials from throughout the country that arguably

25 may be relevant to the instant prosecution.  Ault Decl. ¶ 13.  The United States has not limited its

26

27       [1]        An attempt was made to contact the remaining agencies but no response was received.
28 Ault Decl. ¶¶ 9-10.

1   production to only those materials that may be used in its case-in-chief or those that may be pertinent to

2   any defense of which the United States is aware, but has produced or made available to the defense

3   virtually all materials that have been gathered.  The United States' production of the most relevant

4   documents was complete some time ago.  However, the United States continues to gather and produce

5   records from DEA and FDA offices in other parts of the country in an abundance of caution to ensure

6   that materials arguably pertinent to an unknown defense are available to the defense.  The United States

7   anticipates that even this overzealous process will be complete by the end of September.  *Id.*

8   ### III.   DISCUSSION

9   **A.      The Rule 17(c) Subpoenas Do Not Justify a Continuance**

10          The defendants' issuance of Rule 17(c) subpoenas does not justify continuing the trial.  The

11   subpoenas request documentation of communications that occurred between the defendants' own

12   employees and representatives of various state and federal agencies.  Because the defendants are seeking

13   information about communications in which they participated, it is highly unlikely that any of the

14   subpoenaed documents will provide information that is a surprise to them or that will require an

15   additional 6 months to address.  In the unlikely event that new and important information is revealed in

16   these disclosures, the defendants can renew their motion for a continuance based on specific facts,

17   including what new information has been produced, the measures that must be taken to address the new

18   disclosures, and the time necessary to undertake these steps.  The current motion is premature, and the

19   defendants' assertion that the Rule 17(c) subpoenas will result in document productions necessitating a

20   continuance is mere speculation insufficient to justify granting a continuance.

21          In addition, the defendants were aware in January that they planned to assert a defense involving

22   communications between their employees and law enforcement agents. At that time, the defendants

23   obtained a subpoena for the DEA that called for the production of virtually identical information to that

24   demanded in the fourteen subpoenas issued in May.  The defendants' delay in seeking subpoenas for the

25   additional agencies does not justify continuing the trial date.  Moreover, once the defendants succeeded

26   in obtaining the subpoenas, they were not diligent in serving them and declined to serve some of those

27   the Court had issued.  In addition, the subpoenas' striking overbreadth has caused further delay by

28

1    requiring the defendants to engage in weeks of negotiation with the subpoena recipients to narrow the

2    scope of the subpoenas.  Ault Decl. ¶¶ 8, 12.  Moreover, while the overbreadth of the subpoenas requires

3    the agencies to expend extensive time and effort searching for records, the resulting productions to date

4    have been minimal and have produced little or no new information.  Ault Decl. ¶¶ 5-7.  The defendants

5    should not obtain a continuance of the trial date based on their own lack of diligence in obtaining

6    information that they have claimed is crucial to their defense since January and which is unlikely even to

7    exist.

8         Finally, it is doubtful that the subpoenaed information will be admissible at trial.  The requested

9    communications are intended to demonstrate the defendants' "cooperation with law enforcement efforts

10   through the period covered by the charges in the indictment."  FedEx Defendants' Motion to Continue

11   the Date for Trial ("Def. Mot."), p. 2 (CR 111).  However, the defendants' good character is not relevant

12   to these proceedings.  *See United States v. Camejo*, 929 F.2d 610, 613 (11th Cir.1991) ("Evidence of

13   good conduct is not admissible to negate criminal intent").  Even if it were, the defendants cannot

14   introduce evidence of their good character through specific acts of cooperation.  *Id.* (district court

15   properly excluded evidence of prior "good acts" as "impermissible character evidence").  Rather, any

16   such evidence of good character must be introduced through testimony regarding the reputation of the

17   defendants in the community.  *See United States v. Hedgcorth*, 873 F.2d 1307, 1313 (9th Cir. 1989)

18   ("However, while a defendant may show a character for lawfulness through opinion or reputation

19   testimony, evidence of specific acts is generally inadmissible.") (internal citations omitted).  In any case,

20   the fact that a defendant complied with a subpoena or otherwise responded to law enforcement inquiries

21   does not immunize the defendant from prosecution or empower him to violate the law.

22        The defendants' desire to obtain evidence that likely does not exist and is unlikely to be

23   admissible at trial does not support their request for a six-month continuance of the trial date.  Therefore,

24   their motion should be denied.

25   **B.      The Remaining Production from the United States Does Not Justify a Continuance**

26        The United States has diligently produced materials to the defense that may be used in its case-

27   in-chief at trial and that arguably could be relevant to apparent potential defenses.  This production is

28

1 largely complete.

2       In response to concerns expressed by counsel for the defendants, the United States has made

3 extensive efforts to locate and produce or make available to the defense additional materials that

4 arguably could be relevant to an unspecified defense that the United States has not foreseen.  The United

5 States anticipates that production of even this larger category of materials, which consists of records

6 gathered from DEA and FDA offices that did not participate in the investigation of the defendants, will

7 be substantially complete by the end of September, leaving the defendants 5 months to review the

8 remaining materials before trial is to begin.  Again, the defendants' assertion that any new information

9 produced to them will be significant and require additional time to prepare for trial is pure speculation.

10 If, upon receiving additional disclosures, the defendants determine that a continuance is necessary, they

11 may renew their motion based on materials that have been produced rather than speculation about what

12 the future might bring.

13 **C.   Because the Public and the United States Have a Right to a Speedy Trial, Any Continuance Must Be the Narrowly Tailored to Meet the Justification.**

14

15       The defendants' request for a lengthy continuance of the trial date is not justified.  As discussed

16 above, the defendants' request is premature and should be denied without prejudice to renewing it at a

17 later date should the anticipated document productions require it.  However, if the Court concludes that

18 the defendants' speculations justify a continuance, their request for an additional six months to obtain

19 and review documents should be denied.  The United States will have substantially completed its broad

20 production by the end of September.  A three-month continuance will provide the defendants with two

21 months to review any new materials before filing motions.  The bulk of the Rule 17(c) responses should

22 have been received by that time as well.

23       Both the public and the United States have a right to a speedy trial.  *See United States v.*

24 *McDonald*, 435 U.S. 850, 862 (1978) ("'[T]here is a societal interest in providing a speedy trial which

25 exists separate from, and at times in opposition to, the interests of the accused.'"), *quoting Barker v.*

26 *Wingo*, 407 U.S. 514, 519 (1972); *see also United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997)

27 ("'[T]he right to a speedy trial belongs not only to the defendant but to society as well.'"), *quoting* H.R.

28

1    Rep. 93-1508, at 15 (1974).  The United States' right to a speedy trial exists because "[a]s time passes,

2    the prosecution's ability to meet its burden of proof may greatly diminish:  evidence and witnesses may

3    disappear, and testimony becomes more easily impeachable as the events recounted become more

4    remote."  *Flanagan v. United States*, 465 U.S. 259, 264 (1984).  The public also has an interest in the

5    swift resolution of criminal cases because "when a crime is committed against a community, the

6    community has a strong collective psychological and moral interest in swiftly bringing the person

7    responsible to justice. . . . Crime inflicts a wound on the community, and that wound may not begin to

8    heal until criminal proceedings have come to an end."  *Id.* at 265.

9            Therefore, if the Court is inclined to grant a continuance of the trial date, the length of the

10   continuance must be narrowly tailored to meet the professed need for a delay.  *See Lloyd*, 125 F.3d at

11   1269-71 (dismissing indictment for violation of Speedy Trial Act where district court did not tailor the

12   length of continuances requested by the defendant and the government to the minimum time necessary

13   to accommodate the professed justifications).  The justifications provided by the defense do not warrant

14   the 6-month continuance they have requested.  If the Court is inclined to entertain the defendants'

15   request at this premature stage, a 3-month continuance is sufficient to meet the defendants' professed

16   need without unduly prolonging the trial date.

17   **D.      The Proposed Order Submitted by the Defendants is Defective.**

18           If the Court determines that the defendants' speculation warrants a continuance of 6 months, the

19   Court should not sign the proposed order submitted by the defendants.  That proposed order is defective

20   in two respects.  First, it does not provide findings or order that time be excluded under the Speedy Trial

21   Act, 18 U.S.C. § 3161, *et seq.*  Second, it does not merely continue the trial and pre-trial dates

22   previously agreed to by the parties and ordered by the Court but includes new deadlines for the

23   disclosure of witness lists and shortens the time for responding to motions in limine, both changes that

24   were neither discussed with, nor agreed to, by the United States.

25           Nowhere in the defendants' motion do they explain the need for a date for disclosure of witness

26   lists separate from other pre-trial disclosures required by the Court, nor do they explain why such lists

27   should be provided 3 months before trial.  Indeed, such an early date for disclosure of witness lists is

28

1  counterproductive.  Requiring the United States to name its witnesses months before trial, when its trial

2  strategy is not fully formulated, will only result in an overly expansive list, containing the names of

3  every conceivable witness, rather than those likely to be called at trial.  Similarly, such early disclosure

4  virtually guarantees that the witness list will need to be amended multiple times prior to trial, creating

5  confusion for the Court and the parties.

6  Likewise, the parties originally agreed to a motions in limine schedule that provided three weeks

7  for oppositions and one week for replies.  The defendants now, without explanation, shorten the time for

8  oppositions and enlarge the time for replies, both to two weeks.  Both parties are likely to file

9  complicated and extensive motions in limine.  Providing the time necessary to compose thoughtful and

10  meaningful responses will help the Court to resolve these evidentiary issues before trial.  The United

11  States urges the Court to re-impose the original filing schedule to which both parties previously agreed.

12  For the Court's convenience, the United States submits as Attachment C a proposed order that

13  rectifies the deficiencies of the proposed order submitted by the defendants.

14  ## IV.  CONCLUSION

15  The defendants' speculation does not provide a sufficient basis for continuing the trial date in

16  this matter.  Therefore, the United States respectfully requests that the Court deny the defendants'

17  motion for continuance without prejudice to renewing it at a later date.  A proposed order to this effect is

18  submitted as Attachment A.

19  If the Court believes that the defendants' assertions justify a continuance at this time, the Court

20  must narrowly tailor the continuance to meet the defendants' asserted needs, in order to protect the

21  public's and the United States' right to a speedy trial.  The defendants' speculative arguments do not

22  justify a continuance of longer than three months.  A proposed order setting forth a new schedule

23  continuing the trial date by 3 months is attached as Attachment B.

24  Finally, if the Court determines that the defendants' speculative concerns warrant a six-month

25  continuance of the trial date, the United States submits as Attachment C a proposed order that addresses

26  the exclusion of time under the Speedy Trial Act, removes the deadlines for submitting witness lists and

27  resets the original time line for filing oppositions to motions in limine.

28

1

2  DATED: August 14, 2015                          Respectfully Submitted:

3                                                   MELINDA HAAG
                                                    United States Attorney
4

5                                                          /s
                                                    _____
6                                                   KIRSTIN M. AULT
                                                    KYLE F. WALDINGER
7                                                   W.S. WILSON LEUNG
                                                    Assistant United States Attorneys
8
                                                    JENNY C. ELLICKSON
9                                                   Trial Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28