DAVID R. CALLAWAY (CABN 121782)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

KIRSTIN M. AULT (CABN 206052)
KYLE F. WALDINGER (CABN 298752)
W.S. WILSON LEUNG (CABN 190939)
Assistant United States Attorneys

JENNY C. ELLICKSON (DCBN 489905)
Trial Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    kirstin.ault@usdoj.gov
    kyle.waldinger@usdoj.gov
    wilson.leung@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 14-380 CRB |
|     Plaintiff, | UNITED STATES' SUBMISSION IN RESPONSE TO COURT'S REQUEST |
|     v. | |
| FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, (A/K/A FEDEX EXPRESS), FEDEX CORPORATE SERVICES, INC., | |
|     Defendants. | |

## INTRODUCTION

The United States of America, makes this submission in response to the Court's request for information regarding "whether or not there is a federal prosecution on a legitimate common carrier on controlled substance." Clerk's Record 118. As discussed in greater detail below, the owners and operators of a number of common or contract carriers have been prosecuted for violating the Controlled Substance Act ("CSA") based on their role in illegally transporting controlled substances while

U.S. SUBMISSION
CR No. 14-380 CRB

conducting legitimate shipping operations.  In addition, individuals who facilitated the distribution of controlled substances for illegal Internet pharmacies have also been prosecuted.  Finally, United Parcel Service, Inc. ("UPS") and Google, Inc. ("Google") entered into non-prosecution agreements with the United States in which they admitted that their services were used to facilitate the illegal distribution of controlled substances by Internet pharmacies and agreed to forfeit the gains earned from this conduct.

## DISCUSSION

**A.   Owners and Operators of Common/Contract Carriers Charged with Drug Trafficking Offenses.[1]**

### 1.   QU Trucking

Steven Qu owned QU Trucking, a shipping company based in Los Angeles.  On March 14, 2013, Qu was charged with conspiring to distribute marijuana and contraband cigarettes, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 371.  Case No. CR 13-00179  ER (S.D.N.Y.).  On January 30, 2015, Qu pled guilty to conspiracy to distribute marijuana for his conduct in using his trucks to ship marijuana co-mingled with legitimate goods from California to New York and elsewhere.

### 2.   Transstar and Ameri-Mex

Abel Trevino, Jr. owned the commercial bus company Ameri-Mex, and Miguel Montemayor and Victor Hinojosa owned the commercial bus company Transstar.  Both companies provided transportation for passengers and goods between Mexico and the United States.  On May 24, 2007, Trevino, Montemayor, and Hinojosa were charged with conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846, possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h).  Case No. CR 07-00200S (S.D. Tex.).  In 2009, Montemayor and Hinojosa pled guilty to possession with intent to distribute cocaine, and Trevino pled guilty to conspiracy to launder money, for their conduct in allowing drug traffickers to transport controlled substances on buses traveling routes

---

[1] Because the United States was able to prove that the owners and operators of the shipping companies were responsible for the illegal activity, they were charged in lieu of the companies.  FedEx has asserted privilege claims over the identity of the ultimate decision-maker responsible for the conduct alleged in this case.

U.S. SUBMISSION                    2
CR No. 14-380 CRB

between Mexico and the United States.

### 3. Palmyra Acres

Lawrence and Angela Tipton and Ebony Brown owned and operated a commercial trucking company known as Palmyra Acres. On February 25, 2015, the Tiptons and Brown were charged with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846, and other offenses. Case No. CR 15-00078 SO (N.D. Ohio). The shipping company owners are alleged to have instructed drivers to transport cocaine and drug proceeds to and from Ohio, Florida, and Texas in Palmyra Acres trucks that were shipping legitimate loads of goods.

### 4. Playboyz Trucking LLC

Miguel Angel Sanchez owned and operated Playboyz Trucking LLC, also known as PBZ Logistics, based in San Bernardino, California. On May 23, 2012, Sanchez was charged with conspiracy to possess with intent to distribute and distribute methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C.§ 1956(h). Case No. CR 12-00243 PAB (D. Colo.). On January 31, 2013, Sanchez pled guilty to distribution of methamphetamine for allowing drug traffickers to ship methamphetamine and drug proceeds that were co-mingled with legitimate goods transported on PBZ Logistics trucks traveling between California and Colorado.

### 5. K&J Trucking

Kelvin Robinson owned and operated K&J Trucking in Bolton, Mississippi. On August 7, 2012, Robinson was charged with conspiracy to distribute marijuana, in violation of 21 U.S.C. § 846, and money laundering, in violation of 18 U.S.C. § 1957. Case No. CR 12-00102 HTW-FKB (S.D. Miss.). On February 24, 2014, Robinson pled guilty to conspiracy to distribute marijuana for using his trucks to transport marijuana from the Texas-Mexico border to Mississippi.

### 6. Heavenly Transport

Javier Casas owned Heavenly Transport, LLC, a trucking company based in McAllen, Texas. On October 17, 2013, Casas was charged with conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. Case No. CR 13-01649 (S.D. Tex.). On December 31, 2013, Casas pled guilty to possessing with intent to distribute marijuana for placing duffle bags of marijuana among

a legitimate load of furniture shipped on one of his trucks traveling from Texas to Michigan.

  7. <u>Four Seasons Transport</u>

Jose Francisco Serna owned Four Seasons Transport, a trucking company based in McAllen, Texas. On January 13, 2010, Serna was charged with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Case No. CR 10-0023 (S.D. Tex.). On November 19, 2012, Serna pled guilty to both offenses based on his use of tractor trailers operated by Four Seasons to transport cocaine and drug proceeds in trucks that were also transporting legitimate goods.

**B. Individuals Charged with Drug Trafficking for Facilitating Illegal Internet Pharmacies.**

  1. <u>Steven Immergluck</u>

Steven Immergluck was employed at Freight Savers, Inc., a shipping services reseller for DHL, FedEx, and UPS. On June 28, 2011, Immergluck pled guilty to one count of conspiring to distribute, and to possess with intent to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and two counts of using a communications facility in committing and facilitating the possession of controlled substances, in violation of 21 U.S.C. § 843(b). Case No. CR 11-10146 DJC (D. Mass.). Immergluck was convicted of violating the Controlled Substances Act based on his arrangement of shipping services for illegal Internet pharmacies despite receiving a warning letter from the Tennessee Bureau of Investigation that the distribution of controlled substances without the establishment of a legitimate doctor-patient relationship, such as by completing an on-line questionnaire, was illegal.

  2. <u>Steven Paul</u>

Steven Paul owned Security Edge, Inc., a company that arranged credit card processing services for small businesses. In 2010, Paul was indicted for conspiring to knowingly and intentionally distribute controlled substances outside the usual course of professional practice and not for a legitimate medical purpose. Case No. CR 10-0642 CRB (N.D. Cal.). Paul was charged based on his acquisition of credit card processing services for illegal Internet pharmacies after receiving warnings letters from banks with whom he established credit card processing accounts that the distribution of controlled substances based

solely on the completion of an on-line questionnaire was illegal.[2]

### 3. Gaston Blanchet

Gaston Blanchet owned and operated GTM World, Inc. and GTM USA Corp., two companies that acquired and resold FedEx shipping services to Johar Saran and other members of Saran's illegal Internet pharmacy operation. On September 6, 2006, Blanchet pled guilty to one count of knowingly and intentionally conspiring to distribute Schedule III and IV controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Case No. CR 05-240-P (N.D. Tex.).

## C. Corporate Facilitators of Illegal Internet Pharmacies.

### 1. United Parcel Service

UPS and FedEx were the two common carriers that provided virtually all of the shipping services used by illegal Internet pharmacies during the period alleged in the superseding indictment.[3] In 2008, both companies began providing the United States with documents related to their shipment of drugs for illegal Internet pharmacies. Beginning in approximately 2010, both companies entered into negotiations with the United States in an attempt to resolve the investigations absent criminal charges. At FedEx's request, the United States suspended its investigation as a gesture of good faith in an attempt to reach a resolution with the company that would not require a criminal charge. With the United States' blessing, FedEx and UPS worked together to draft a proposed compliance program that was acceptable to both companies.

On March 29, 2013, UPS entered into the non-prosecution agreement ("NPA") in which it admitted the facts surrounding its facilitation of drug distribution by illegal Internet pharmacies, forfeited its gains, and agreed to implement a compliance program with reporting and auditing requirements lasting over a two-year period. *See* Exhibit 1. FedEx decided not to enter into such an agreement. The United States resumed its investigation, and, ultimately determined that the facts and

---

[2] The charges were dismissed when Paul died while a fugitive in Cyprus.

[3] DHL also provided limited shipping services to illegal Internet pharmacies. However, DHL ceased operating in the United States in 2008, precisely when the investigation into shippers for their facilitation of illegal Internet pharmacies began. The United States could locate no DHL representative within the United States on which to serve a subpoena for records. Relatively few Internet pharmacies used the United States Postal Service to ship drugs. The Postal Inspection Service conducted investigations into Internet pharmacies using the Postal Service that resulted in several prosecutions.

circumstances warranted bringing an indictment to the grand jury, which was returned on July 17, 2014.

### 2. Google, Inc.

An investigation into the activities of Google for its facilitation of drug distribution by illegal Internet pharmacies was undertaken in the District of Rhode Island.  As with UPS, Google entered into an NPA on August 19, 2011.  *See* Exhibit 2.  Google admitted to its conduct in facilitating illegal activity by Internet pharmacies and agreed to forfeit $500 million in gains.

### 3. Other Corporate Facilitators

Other companies were informed by law enforcement agencies that their services were being used to facilitate drug distribution by illegal Internet pharmacies and voluntarily undertook measures to stop this activity without the need for government intervention.

## CONCLUSION

The practice of holding facilitators of illegal activity responsible for their role in the commission of a crime is one that is well established and has been applied to common carriers shipping controlled substances in numerous cases.  The United States has similarly held individuals and corporations who have facilitated the illegal distribution of controlled substances by Internet pharmacies responsible for their role in enabling this criminal activity.  Rather than being "unprecedented," this prosecution falls squarely within the longstanding tradition in which those who aid, abet, or conspire with others to commit crimes are prosecuted along with the principals.

DATED: September 30, 2015                Respectfully Submitted:

DAVID R. CALLAWAY
Attorney for the United States Acting Under
Authority Conferred by 28 U.S.C. § 515

/s
_____
KIRSTIN M. AULT
KYLE F. WALDINGER
WILSON W.S. LEUNG
Assistant United States Attorneys

JENNY C. ELLICKSON
Trial Attorney

U.S. SUBMISSION                6
CR No. 14-380 CRB