Cristina C. Arguedas (CalBN 87787)
  Email: arguedas@achlaw.com
Ted W. Cassman (CalBN 98932)
  Email: cassman@achlaw.com
Raphael M. Goldman (CalBN 229261)
  Email: goldman@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

Allen J. Ruby (CalBN 47109)
  Email: allen.ruby@skadden.com
Jack P. DiCanio (CalBN 138782)
  Email: jack.dicanio@skadden.com
Patrick Hammon (CalBN 255047)
  Email: patrick.hammon@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
  & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for FedEx Corporation,
Federal Express Corporation and
FedEx Corporate Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC.,<br><br>  Defendants. | **No. CR 14-380 (CRB)**<br><br>**MOTION BY FEDEX CORPORATION AND FEDEX CORPORATE SERVICES, INC. TO DISMISS COUNTS DUE TO THE EXPIRATION OF THE STATUTE OF LIMITATIONS**<br><br>Date: March 2, 2016<br>Time: 2:00 p.m.<br>Hon. Charles R. Breyer |

**TABLE OF CONTENTS**

Table of Authorities ...................................................................................................................ii

I. INTRODUCTION ................................................................................................................1

II. PROCEDURAL HISTORY..................................................................................................2

    A. The Charges ...............................................................................................................2

    B. Neither FedEx Corp. nor FedEx Services Entered into a Tolling Agreement ...................................................................................................................3

III. DISCUSSION .......................................................................................................................4

    A. A Charge Must be Dismissed if it Fails on its Face to Satisfy the Statute of Limitations ..................................................................................................4

    B. A Five-Year Statute of Limitations Applies to All of the Charges in the Indictment ..............................................................................................................5

    C. Counts One Through Twelve and Thirteen Through Fourteen Violate the Statute of Limitations as to Defendants FedEx Corp. and FedEx Services..........................................................................................................5

IV. CONCLUSION.....................................................................................................................6

# TABLE OF AUTHORITIES

Cases

*United States v. Chief*, 438 F.3d 920 (9th Cir. 2006) ........................................................5

*United States v. Gardley*, No. 2:10-cr-236-GMN-PAL, 2013 U.S. Dist. LEXIS 127342 (D. Nev. Sept. 5, 2013) .........................................................................................4

*Grunewald v. United States*, 353 U.S. 391 (1957) ..........................................................5

*United States v. Ramirez*, 324 F.3d 1225 (11th Cir. 2003) ............................................4

*United States v. Smith*, 866 F.2d 1092 (9th Cir. 1989) ...................................................4

*United States v. Stoner*, 98 F.3d 527 (10th Cir. 1996) ....................................................4


Other Authorities

18 U.S.C. § 3282 .................................................................................................................5

18 U.S.C. §§ 3283 *et seq.* ..................................................................................................5

Federal Rule of Criminal Procedure 12 ..........................................................................4

*U.S. v. FedEx Corp. et al.*  
No. CR 14-380 (CRB)  
ii  
Motion to Dismiss – Statute of Limitations

## I. INTRODUCTION

On March 2, 2016 at 2:00 p.m. in the above-titled Court, FedEx Corporation and FedEx Corporate Services, Inc. will and hereby do move this Court for an order dismissing Counts One through Twelve and Fourteen and Fifteen of the superseding indictment.

The superseding indictment charges alleged crimes against three separate defendants: FedEx Corporation ("FedEx Corp."), Federal Express Corporation ("FedEx Express"), and FedEx Corporate Services, Inc. ("FedEx Services"). The superseding indictment does not distinguish between the three entities, and asserts each charge against each defendant. But, at least with respect to the statute of limitations, the three defendants are very differently situated.

The initial indictment against the FedEx defendants was filed on July 17, 2014. Under the five-year statute of limitations applicable to each count in the indictment, the government was permitted only to charge crimes that concluded on or after July 17, 2009. But many of the counts in the indictment charge crimes that occurred or ended well before that date.

During the pendency of the grand jury investigation, FedEx Express had entered into tolling agreements that effectively added approximately two and a half years to the statute of limitations governing that defendant. But neither FedEx Corp. nor FedEx Services were parties to or governed by the tolling agreements. Accordingly, as to FedEx Corp. and FedEx Services, the Court must dismiss as time-barred Counts One through Twelve and Fourteen and Fifteen of the superseding indictment.

## II. PROCEDURAL HISTORY

### A. The Charges

The original indictment that gave rise to the case at bench was filed on July 17, 2014. Dkt. #1. The government filed a superseding indictment on August 14, 2014. Dkt. #28.

The superseding indictment alleges a number of crimes that concluded, on the face of the charges as alleged, before July 17, 2009:

- Count One alleges a violation of 21 U.S.C. § 846 that ended "on or about February 20, 2008." Dkt. #28 at ¶ 23.
- Count Two alleges a violation of 21 U.S.C. § 841 that occurred on July 19, 2007. Dkt. #28 at ¶ 32.
- Count Three alleges a violation of 21 U.S.C. § 841 that occurred on July 24, 2007. Dkt. #28 at ¶ 32.
- Count Four alleges a violation of 21 U.S.C. § 841 that occurred on July 24, 2007. Dkt. #28 at ¶ 32.
- Count Five alleges a violation of 21 U.S.C. § 841 that occurred on July 25, 2007. Dkt. #28 at ¶ 32.
- Count Six alleges a violation of 21 U.S.C. § 841 that occurred on July 25, 2007. Dkt. #28 at ¶ 32.
- Count Seven alleges a violation of 21 U.S.C. § 841 that occurred on July 26, 2007. Dkt. #28 at ¶ 32.
- Count Eight alleges a violation of 21 U.S.C. § 841 that occurred on July 26, 2007. Dkt. #28 at ¶ 32.

- Count Nine alleges a violation of 21 U.S.C. § 841 that occurred on July 27, 2007. Dkt. #28 at ¶ 32.

- Count Ten alleges a violation of 21 U.S.C. § 841 that occurred on July 27, 2007. Dkt. #28 at ¶ 32.

- Count Eleven alleges a violation of 18 U.S.C. § 371 that ended "on or about February 20, 2008." Dkt. #28 at ¶ 44.

- Count Twelve alleges a violation of 18 U.S.C. § 1956 the ended "on or about February 20, 2008." Dkt. #28 at ¶ 63.

- Count Fourteen alleges a violation of 21 U.S.C. § 841 that occurred on February 7, 2008. Dkt. #28 at ¶ 89.

- Count Fifteen alleges a violation of 21 U.S.C. § 841 that occurred on August 15, 2008. Dkt. #28 at ¶ 89.

**B.    Neither FedEx Corp. nor FedEx Services Entered into a Tolling Agreement**

During the course of the grand jury investigation that gave rise to the instant charges, FedEx Express entered into agreements with the United States Attorney's Office under which the statute of limitations was tolled for almost two and a half years. Declaration of Raphael M. Goldman ¶ 2 & Ex. A.  Each tolling agreement was expressly "entered into . . . between Federal Express Corporation (FedEx) and its subsidiaries, and the United States of America."  *Id.*

Federal Express Corporation ("FedEx Express") is a corporate entity distinct from both FedEx Services and FedEx Corp.  Declaration of Clement E. Klank III ¶¶ 2-6. Neither FedEx Services nor FedEx Corp. is a subsidiary of FedEx Express. *Id.* ¶¶ 7-9.

## III. DISCUSSION

All counts in the superseding indictment that allege conduct that occurred or concluded before July 2009 — Counts One through Twelve and Fourteen through Fifteen — must be dismissed as against FedEx Corp. and FedEx Services.

### A. A Charge Must be Dismissed if it Fails on its Face to Satisfy the Statute of Limitations

Federal Rule of Criminal Procedure 12 generally provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12(b)(1). Rule 12(b)(3) sets out several categories of motion that must be raised before trial if the motion "can be determined without a trial on the merits," including motions asserting "a defect in the indictment." Rule 12(b)(3) & (b)(3)(B). A court may dismiss a criminal count under Rule 12(b) on the ground that the charge violates the statute of limitations if it is apparent on the face of the indictment that the limitations period expired before the indictment was filed. *See United States v. Smith*, 866 F.2d 1092, 1097 (9th Cir. 1989); *United States v. Gardley*, No. 2:10-cr-236-GMN-PAL, 2013 U.S. Dist. LEXIS 127342 at *7-8 (D. Nev. Sept. 5, 2013); *cf. also United States v. Stoner*, 98 F.3d 527, 533 (10th Cir. 1996) ("an indictment lacking any allegation that [a] conspiracy offense was committed within the limitations period infringes a defendant's Sixth Amendment right 'to be clearly informed of the nature and the cause of the accusation against [it]'"); *United States v. Ramirez*, 324 F.3d 1225, 1228-29 (11th Cir. 2003) ("when a statute of limitations defense is clear on the face of the indictment and requires no further development of facts at trial, a defendant waives his right to raise that defense by failing to raise it in a pretrial motion").

### B. A Five-Year Statute of Limitations Applies to All of the Charges in the Indictment

18 U.S.C. § 3282(a) sets out a general five-year statute of limitations for federal crimes that are not capital offenses: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." The few exceptions to this statute, *see, e.g.,* 18 U.S.C. §§ 3283-3301, do not apply to any of the crimes alleged in the indictment.

To satisfy the statute of limitations, the prosecution must plead and prove that the crime occurred within five years of the date the defendant was indicted. *See, e.g., United States v. Chief*, 438 F.3d 920, 922 (9th Cir. 2006). For conspiracy charges, the government must plead and prove that the alleged conspiracy "was still in existence [within five years of the date the defendant was indicted], and that at least one overt act in furtherance of the conspiracy was performed after that date." *Grunewald v. United States*, 353 U.S. 391, 396 (1957).

### C. Counts One Through Twelve and Thirteen Through Fourteen Violate the Statute of Limitations as to Defendants FedEx Corp. and FedEx Services

The initial indictment in this matter was filed on July 17, 2014, *see* Dkt. #1, so under 18 U.S.C. § 3282 the statute of limitations stretched back only to July 2009. Yet, as detailed in Part II.A, *supra*, each of Counts One through Twelve and Fourteen through Fifteen allege purported crimes that — by the express terms of the superseding indictment itself — concluded before the end of 2008. Accordingly, each of those

counts is time-barred as to FedEx Corp. and FedEx Services and must be dismissed.[1]

**VI.   CONCLUSION**

The Court must dismiss Counts One through Twelve, Fourteen and Fifteen as against defendants FedEx Corporation and FedEx Corporate Services, Inc.

Dated:  January 13, 2016

Respectfully submitted,                              ARGUEDAS, CASSMAN & HEADLEY, LLP

By: _____/s/_____
  Raphael M. Goldman
  803 Hearst Avenue
  Berkeley, CA 94710
  (510) 845-3000

  Counsel for Federal Express Corporation, FedEx Corporation and FedEx Corporate Services, Inc.

---

[1] As suggested above, FedEx Express does not join this motion because it entered into tolling agreements with the prosecution, and those tolling agreements bring the charges as alleged in the indictment within the statute of limitations.  Neither FedEx Express, FedEx Corp. nor FedEx Services intend to waive any statute of limitations defense that may be established by the trial evidence.