DAVID R. CALLAWAY (CABN 121782)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

KIRSTIN M. AULT (CABN 206052)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

JENNY C. ELLICKSON (DCBN 48905)
Trial Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    kirstin.ault@usdoj.gov
    john.hemann@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, <br> FEDERAL EXPRESS CORPORATION, <br>   (A/K/A FEDEX EXPRESS) <br> FEDEX CORPORATE SERVICES, INC., <br><br> Defendants. | CR No. 14-380 CRB <br><br> UNITED STATES' SUBMISSION REGARDING SIMILAR PROSECUTIONS |

The Court has ordered the United States to file a submission "identifying the number of cases prosecuted in the last ten years that charged a defendant with both promotional money laundering and drug distribution in a situation where, as the government alleges here, the defendant simply transported drugs and sent payment for the drugs back to the defendant's co-conspirators."[1] Clerk's Record (CR 252). The United States is unable to comply with the Court's request to identify all cases charged over

---

[1] The United States believes that the evidence at trial will demonstrate that the defendants' role in the charged conspiracies was more involved than "simply transport[ing]" drugs and money.

the past 10 years involving the particular factual scenario identified by the Court because the Department of Justice does not keep records that can be readily searched to identify the specific bases upon which a prosecution for promotional money laundering was charged (*i.e.* that the prosecution was for the transportation of drug proceeds alone as opposed to some other form of promotional money laundering). The U.S. Attorney's Office in this district similarly does not keep records that would permit a search for cases in which a promotional money laundering charge was based on a specific set of facts. Nevertheless, the United States has attempted to provide the Court with citations to a number of cases that have charged defendants with both promotional money laundering and drug distribution[2] where the conduct in which the defendant engaged was the transportation of drugs and money.

An informal survey of the prosecutors in this district revealed two cases over the past ten years in which defendants were charged with both drug trafficking and money laundering based on their role in delivering drugs and drug money:

- *United States v. Donegal, et al.*, CR 14-00285 JST, and
- *United States v. Perez, et al.*, CR 09-103 CRB.

This list undoubtedly underrepresents the number of cases that have been brought in this district over the past ten years involving this theory of prosecution as the informal survey only disclosed cases brought by prosecutors who are still employed with the office and who remembered the specific theory upon which a defendant was charged.

In its Opposition to Motion to Dismiss Count Eighteen (CR 182), the United States provided citations to four cases in which the Ninth Circuit and two other courts of appeals have affirmed convictions of defendants for promotional money laundering where the convictions were challenged on the basis that mere delivery of drug money is not sufficient to sustain a promotional money laundering

---

[2] The United States notes that the defendants in this case are charged with *conspiracy* to launder money, and not substantive money laundering. While Ninth Circuit precedent clearly supports a prosecution of the defendants for substantive money laundering based on their delivery of drug proceeds to a drug supplier, *see United States v. Gough*, 152 F.3d 1172, 1173 (9th Cir. 1998), the inability of the defendants to be charged with substantive money laundering would not warrant dismissal of the conspiracy count charged in the indictment so long as one of the defendants' co-conspirators was capable of committing the substantive crime. *See United States v. Fiander*, 547 F.3d 1036 (9th Cir. 2008), *applying Salinas v. United States*, 522 U.S. 52, 64 (1997).

conviction. *See United States v. Gough*, 152 F.3d 1172, 1173 (9th Cir. 1998); *United States v. Reed*, 77 F.3d 139, 142 (6th Cir. 1996); *United States v. Flores*, 63 F.3d 1342, 1361 (5th Cir. 1995); *United States v. Abrego*, 141 F.3d 142, 160-62 (5th Cir. 1998). In response to the Court's request, the United States has located the following cases in the past ten years in which a defendant was charged with both drug trafficking and promotional money laundering where his or her role in the charged crimes was to transport drug proceeds:

- *United States v. Vasquez*, 603 Fed.Appx. 722 (10th Cir. 2015) (defendant truck driver transported drug proceeds);
- *United States v. Anaya-Medina*, 558 Fed.Appx. 947 (11th Cir. 2014) (defendant coordinated tractor trailer drivers to deliver drugs and drug proceeds);
- *United States v. Jordan*, 511 Fed.Appx. 554 (6th Cir. 2013) (defendant procured services of trucking company owner to transport drugs and drug proceeds);
- *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012) (defendant truck driver transported drugs and drug proceeds);
- *United States v. Batlak*, CR 09-0063 (E.D. Ky.), *related to United States v. Dugalic*, 489 Fed.Appx. 10 (6th Cir. 2012) (defendant transported drugs and drug proceeds);
- *United States v. Richards*, 363 Fed.Appx. 729 (11th Cir. 2010) (defendant was an employee of Palmer Trucking Co. that was hired by drug trafficking organization to transport drugs and drug proceeds);
- *United States v. Baker*, 2008 WL 4056998 (E.D. Mich. 2008) (defendant loaded money into cars and transported drug proceeds);
- *United States v. Carpenter*, CR 05-0188 (M.D. Fla.), *related to United States v. Blowe*, 265 Fed.Appx. 791 (11th Cir. 2008) (defendant towing company owner transported drugs and drug proceeds).

In addition, the United States located several cases where defendants were prosecuted for both drug trafficking and promotional money laundering that was based on the "mere delivery" of drug money but that do not fall within the Court's request because the defendant's role was more than

"simply" transporting drugs and drug money. *See, e.g., United States v. Ramirez*, 555 Fed.Appx. 315 (5th Cir. 2014); *United States v. Reynolds*, 534 Fed.Appx. 347 (6th Cir. 2013).

The number of cases brought involving this theory of prosecution is likely exponentially greater than those cited above, as this list represents only those cases where a defendant brought a challenge to a money laundering charge that resulted in a written judicial opinion that was discovered by the undersigned in the limited time provided by the Court. Nevertheless, this list demonstrates that the theory of prosecution underlying Count Eighteen is hardly "novel," but rather has been the foundation of prosecutions in jurisdictions throughout the country. Moreover, this theory has survived a variety of challenges over the past ten years, indicating that the precedent established by the Ninth Circuit in *Gough* remains viable controlling authority supporting the legal validity of the conspiracy charged in Count Eighteen.

DATED: April 29, 2016  Respectfully Submitted:

DAVID R. CALLAWAY
Attorney for the United States Acting Under
Authority Conferred by 28 U.S.C. § 515

/s
_____
KIRSTIN M. AULT
JOHN H. HEMANN
Assistant United States Attorneys

JENNY C. ELLICKSON
Trial Attorney

U.S. OPP. MOT. TO DISMISS CT. 18   4
CR No. 14-380 CRB