Cristina C. Arguedas (CalBN 87787)
    Email: arguedas@achlaw.com
Ted W. Cassman (CalBN 98932)
    Email: cassman@achlaw.com
Raphael M. Goldman (CalBN 229261)
    Email: goldman@achlaw.com
ARGUEDAS, CASSMAN & HEADLEY, LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

Allen J. Ruby (CalBN 47109)
    Email: allen.ruby@skadden.com
Jack P. DiCanio (CalBN 138782)
    Email: jack.dicanio@skadden.com
Patrick Hammon (CalBN 255047)
    Email: patrick.hammon@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, CA  94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570

*Counsel for FedEx Corporation,
Federal Express Corporation and
FedEx Corporate Services, Inc.*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDEX CORPORATION, FEDERAL EXPRESS CORPORATION, and FEDEX CORPORATE SERVICES, INC.,<br><br>　　　　Defendants. | **No. CR 14-380 (CRB)**<br><br>**FEDEX DEFENDANTS' PRETRIAL CONFERENCE STATEMENT**<br><br>Trial Date:  June 6, 2016<br>Time:  8:30 a.m.<br>Courtroom 8, Hon. Charles R. Breyer |

FedEx Corporation, Federal Express Corporation and FedEx Corporate Services, Inc. (collectively, "FedEx") hereby submit a Pretrial Conference Statement.

## I.   INTRODUCTION

FedEx did not conspire with the charged online pharmacies.  Nor did FedEx deliver medications knowing and intending that the medications were prescribed outside the usual course of professional practice and not for a legitimate medical purpose. FedEx transported packages tendered by pharmacies that were licensed by state governments and registered by the United States Drug Enforcement Agency, just as it transported packages for every other member of the public that sought to use its carriage services.

The gravamen of the charged offenses was committed by doctors in the context of their relationships, or lack of relationships, with their patients.  FedEx did not participate in those alleged crimes.  FedEx did not know which pharmacies and websites were distributing medications by means of a prescription issued by a physician outside the usual course of professional practice and not for a legitimate medical purpose, and which were not.  FedEx assisted law enforcement in the investigation of online pharmacy entities, including members of both conspiracies alleged in the indictment, with the intent and understanding that law enforcement would determine the legality of their operations.  FedEx was confident that continuing to service its customers pending law enforcement investigations of the online pharmacy industry was the appropriate, if not required, course.

As to the so-called Chhabra-Smoley and Superior Drugs organizations, in addition to the fact that FedEx did not enter into any conspiracy, the evidence will show that the charged conspiracies did not exist within the applicable statute of limitations and that, as to each charged conspiracy, there was not a single over-arching conspiratorial agreement but rather multiple agreements.

## II.   MATTERS ADDRESSED PURSUANT TO LOCAL RULE 17.1-1

Pursuant to Criminal Local Rule 17.1-1, FedEx addresses the following matters.

### A.   Statements of Witnesses

FedEx has produced to the government all statements of defense witnesses that are in FedEx's possession and that relate to the anticipated subject matter of the witnesses' testimony.  *See* Fed. R. Crim. P. 26.2.  FedEx may produce additional witness statements in the event FedEx finds it necessary to amend or supplement its witness list.  *See* Part II.I, *infra*.

### B.   Use of Grand Jury Testimony

A number of witnesses who testified before a grand jury in this district will be called by one party or the other to testify at trial.  FedEx requests that the Court unseal such witnesses' grand jury testimony so that it may be employed, if necessary, for refreshing witnesses' recollections, impeachment, and other such purposes.

### C.   Disclosure of Exculpatory Evidence to the Defense

On April 4, 2016, defense counsel sent the government a letter requesting that the prosecution provide, with respect to witnesses included on the government's witness list, all exculpatory and other relevant information to which FedEx is entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), the Jencks Act, 18 U.S.C. § 3500, *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), and related authorities.  FedEx counsel's letter requested a response by May 2, 2016.  On May 5, 2016, counsel sent another letter seeking a response from the government.  On May 9, 2016, the prosecution responded that it had reviewed our letters and is "aware of [its] obligations under *Brady* and Jencks and will produce information as necessary and appropriate."

### D.   Stipulation of Facts

At the April 20, 2016 hearing, the Court ordered the prosecution to present the defense with proposed fact stipulations; the Court set a deadline of May 12, 2016 for the

proposals. Dkt. 258 (4/20/2016 Hrg Tx) at 30-33. As of the time of this filing, we have not yet received the proposed stipulations.

### E.     Appointment of Interpreters

FedEx is not aware of any necessity for the appointment of interpreters in this matter.

### F.     Dismissal of Counts

The Court previously dismissed Counts One through Twelve and Fourteen and Fifteen of the superseding indictment as against defendants FedEx Corporation and FedEx Corporate Services, Inc. *See* Dkt. 231.

FedEx's motions in limine, which are pending before the Court, would if granted have the effect of further eliminating certain issues at trial.

### G.     Joinder

FedEx is aware of no issues relating to joinder.

### H.     Identification of Informants, Use of Line-Ups, Evidence of Prior Convictions, Etc.

Some of the witnesses included on the government's witness list have suffered prior felony convictions. If one or more of the witnesses are called to testify, the defense may use their prior convictions to impeach their credibility pursuant to Federal Rule of Evidence 609(a)(1).

### I.     Pretrial Exchange of Witness Lists

The parties have filed witness lists. *See* Dkt. 232 & 233. At the April 20, 2016 hearing, the government stated that it would provide an amended list on today's date, May 12, 2016. *See* Dkt. 258 (4/20/2016 Hrg Tx) at 30.

FedEx reserves the right to amend or supplement its list in response to the government's amended witness list, as trial preparation continues, and/or as the government's case-in-chief proceeds.

### J. Pretrial Exchange of Documents and Exhibits

The parties have filed exhibit lists. *See* Dkt. 256 & 259. FedEx may update or supplement its list as the defense further reviews the evidence, as new evidence is discovered, and as the government's case proceeds.

FedEx notes that the government's exhibit list, Dkt. 256, references various diagrams, charts and summaries that have not yet been provided to the defense. FedEx requests that the government be required to provide FedEx with copies of such summary exhibits by May 26, 2016.

FedEx expects that defense counsel will employ demonstrative graphics during opening statement to the jury. FedEx will disclose the graphics to the prosecution after the government has completed its own opening statement.

### K. Pretrial Resolution of Objections to Evidence and Testimony

In FedEx's separately-filed motions in limine, the defense raised objections to the admission of various exhibits and testimony.

### L. Controverted Points of Law

The parties' motions in limine, and the oppositions thereto, raise numerous controverted points of law that are ripe for the Court's resolution.

In Part II.N, *supra*, FedEx proposes several instructions related to legal issues that the defense believes should be resolved before the trial begins.

### M. Scheduling of the Trial and Witness Testimony

This trial will be long and complicated; there may be more than one hundred witnesses. FedEx believes that both parties would benefit from an arrangement concerning the scheduling of witnesses. Among other issues, each party intends to call witnesses who are, in some senses, within the "jurisdiction" of the opposing party — the government intends to call FedEx employees, and FedEx may call federal law enforcement witnesses, *see* Dkt. 232 & 233 — and virtually all of the witnesses reside outside this district.

FedEx proposes that each party be required to make a good-faith effort to provide opposing counsel with one week notice before any witness is called to testify. Further, to the extent a witness currently or formerly employed by FedEx is called by the government, or a witness employed by the federal government is called by FedEx, the employer will arrange for the witness to travel to San Francisco.  (The calling party would be responsible for paying the customary travel expenses and witness fees.)

Additionally, as discussed in FedEx's opposition to the government's motions in limine, Dkt. 260 at 37-38, it appears that the government plans to introduce into evidence a number of FedEx emails and other writings without calling the declarant as a witness.  In many cases, this will require FedEx to call the declarant to testify about the writing and his or her state of mind when he or she wrote it.  But, if FedEx must wait until the conclusion of the government's months-long case before calling such witnesses, the Court and the jury will be faced with a situation in which numerous emails are presented and discussed at least twice, months apart.  Such a result would be inefficient, confusing and time-consuming.

FedEx proposes that the Court enter an order that streamlines the presentation of evidence under its wide discretion to control the order of proof.  *See Geders v. United States*, 425 U.S. 80, 86 (1976); *United States v. Turner*, 528 F.2d 143, 162 (9th Cir. 1975); *United States v. Martinez-Villanueva*, 463 F.2d 1336, 1337 (9th Cir. 1972). Under the proposed order, the government would be required to give the defense one week notice of its intent to introduce an out-of-court statement under Rule 801(d)(2)(D) or (E).  If the author of the statement is a current or former FedEx employee and FedEx is able to produce him or her, then FedEx would produce the witness for examination by both sides at a time specified by the Government, or FedEx would instead stipulate to the foundation for admission of the out-of-court statement, reserving objections only as to privilege, relevance or undue prejudice.  FedEx expects that such an order will save substantial trial time by reducing the need to address some documents two separate

times, and would promote fairness and the search for the truth.  *See* Fed. R. Evid. 611(a) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment.").

**N.    Jury Questionnaire, Voir Dire, and Jury Instructions**

1.    Jury Questionnaire

FedEx requests that the Court ask prospective jurors to complete a jury questionnaire.

On May 5, 2016, counsel for the defense sent a proposed questionnaire to the prosecution; this morning, the prosecution responded with proposed changes and other suggestions.  The parties conferred earlier this afternoon.  FedEx is hopeful that the parties will be able to present the Court with a jointly-recommended questionnaire, perhaps with a few outstanding issues to be resolved by the Court, before the pretrial conference is held on May 19, 2016.

2.    Voir Dire Questioning

FedEx requests that the parties be permitted to conduct attorney voir dire of prospective jurors.

Some prospective jurors may have personal experiences, or relationships with people who have personal experiences, with abuse of or addiction to prescription medications, alcohol or other drugs.  FedEx requests that such prospective jurors be permitted to discuss their experiences with the Court and parties in a private setting.

3.    Jury Instructions

FedEx will request jury instructions at the appropriate time as the trial concludes. FedEx believes that certain instructions and legal issues should be resolved by the Court before trial:

### a. Instruction about the Crime of Illegal Distribution of a Prescription Medication

In Defense Motion In Limine #1, we requested that the Court give a pretrial instruction defining the crime of illegal distribution of a prescription medication.  *See* Dkt. 241 at 1-2.  In our Reply in Support of the FedEx Defendants' Motions In Limine, filed contemporaneously herewith, we propose an amended instruction.  The Court should give Proposed Pretrial Instruction #1, attached hereto in Exhibit A, during its preliminary instructions to the jury.

### b. Common Carrier Exemptions

The parties have extensively briefed the application of the exemptions enshrined in 21 U.S.C. §§ 373(a) and 822(c)(2).  *See, e.g.,* Dkt. 260 at 4-10.  Nonetheless, the Court has not yet determined the proper instructions to provide the jury concerning these statutory defenses.  FedEx requests that the Court give Proposed Instructions #2(a) and 2(b) in attached in Exhibit A hereto.

### c. Privileged Communications

In Defense Motion In Limine #17, FedEx proposed that the Court give an instruction concerning the attorney-client privilege at an appropriate point during the trial.  *See* Dkt. 241 at 72-75.  The Court should give Proposed Instruction #3, attached hereto in Exhibit A.

### d. Corporate Mens Rea

On February 26, 2016, FedEx filed a motion to dismiss the superseding indictment due to errors in the grand jury proceedings.  *See* Dkt. 208 (sealed); Dkt. 221 (public/redacted version).  That motion demonstrated that the government may not establish a corporation's knowledge or specific intent pursuant to a "collective scienter" or "aggregation" theory.  Dkt. 208 at 6-11.  Although the Court denied the motion, it did not ultimately determine whether a "collective knowledge" or "collective intent" instruction would be appropriately given at trial.  *See* Dkt. 246.  For the reasons set forth in FedEx's motion to dismiss, the Court should not issue instructions that would permit

the trial jury to employ "collective knowledge" or "collective intent" theories of liability.

Dated: May 12, 2016

Respectfully submitted,                ARGUEDAS, CASSMAN & HEADLEY, LLP

By: _____/s/_____
       Raphael M. Goldman
       803 Hearst Avenue
       Berkeley, CA 94710
       (510) 845-3000

       Counsel for Federal Express
       Corporation, FedEx Corporation and
       FedEx Corporate Services, Inc.