DAVID R. CALLAWAY (CABN 121782)
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

KIRSTIN M. AULT (CABN 206052)
JOHN H. HEMANN (CABN 165823)
Assistant United States Attorneys

JENNY C. ELLICKSON (DCBN 489905)
Trial Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6940
    FAX: (415) 436-7234
    kirstin.ault@usdoj.gov
    john.hemann@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX CORPORATION, <br> FEDERAL EXPRESS CORPORATION, <br>   (A/K/A FEDEX EXPRESS) <br> FEDEX CORPORATE SERVICES, INC., <br><br> Defendants. | CR No. 14-380 CRB <br><br> JOINT SUBMISSION REGARDING STATEMENT OF CASE TO JURY |

JOINT SUB. RE: STATEMENT OF CASE
CR No. 14-380 CRB

1  During the hearing on May 19, 2016, the Court asked the parties to propose a preliminary
2 instruction that will inform the jury about the nature of this case. The parties have now conferred
3 regarding the substance of a statement-of-the-case instruction and have agreed on most of the language
4 of a proposed instruction. As explained below, the United States and the defendants have been unable to
5 reach agreement as to certain language in instruction. The parties describe their disagreements below
6 and set forth their respective positions. The United States has proposed the following preliminary
7 instruction:

> This is a criminal case. The United States has charged three defendants – FedEx
> Corporation, Federal Express Corporation, also known as FedEx Express, and FedEx
> Corporate Services, Inc. – with drug trafficking and money laundering crimes related to
> the delivery of controlled substances and prescription drugs for Internet pharmacies. The
> United States alleges the defendants knew and intended that these drugs were distributed
> without valid prescriptions. One of the issues you must decide is whether the defendants
> did, in fact, know and intend that the drugs in this case were distributed without valid
> prescriptions, that is, outside the course of professional practice and not for a legitimate
> medical purpose. Knowledge may be proven by evidence of actual knowledge or
> evidence of deliberate ignorance. The defendants are presumed innocent of these charges
> unless and until the United States proves their guilt beyond a reasonable doubt. I am
> providing you with this brief explanation so that you will know what this case is about.
>
> At the end of the trial, I will give you detailed instructions on the law that applies to this
> case.

The defendants propose that Court add the following underlined language to the fourth sentence in the United States' proposed instruction:

> One of the issues you must decide is whether the defendants did, in fact, know and intend
> that the drugs in this case were distributed without valid prescriptions, that is, <u>the
> prescribing physician issued the prescription</u> outside the <u>usual</u> course of professional
> practice and not for a legitimate medical purpose.

JOINT SUB. RE: STATEMENT OF CASE  1
CR No. 14-380 CRB

The defendants also object to the inclusion of the sentence that reads, "Knowledge may be proven by evidence of actual knowledge or evidence of deliberate ignorance."

**United States' Position**

The United States objects to the additional "prescribing physician" language that defendants have proposed. The United States also objects to the defendants' proposal that the preliminary instruction not inform the jury that knowledge may be proven by evidence of actual knowledge or evidence of deliberate ignorance.

*"Prescribing Physician" Instruction*

The defendants have asked the Court to instruct the jury that the United States must prove that the defendants knew and intended that a "prescribing physician issued [a] prescription" outside the usual course of professional practice and not for a legitimate medical purpose. The United States objects to this instruction because charges in this case do not require the United States to prove that a *physician* prescribed the drugs at issue in this case. Furthermore, there is no requirement that the government prove that FedEx knew anything about what the physician-conspirators did nor did not do.

As the United States explained in its response to Defense Motion in Limine #1 (CR 263-1), there are numerous scenarios by which the defendants can have committed the crimes charged in this case without *a physician* having issued the prescriptions. For example, the drugs could be distributed without a doctor's participation at all; the doctor could have been misled into thinking that he or she was not actually issuing prescriptions but was merely performing quality control over prescriptions validly issued by another physician; or the doctor's identity could have been stolen. Indeed, the trial evidence will show that drugs often were distributed with no prescription at all; drugs were distributed without any meeting between physicians and drug buyers; drugs were distributed based on cursory reviews of online questionnaires; and many other permutations in various times and circumstances. The United States therefore believes that the Court should not instruct the jury that it must find that the defendants knew and intended that "a prescribing physician issued [a] prescription" for the drugs at issue in this case.

JOINT SUB. RE: STATEMENT OF CASE   2
CR No. 14-380 CRB

The United States also objects to the defendants' proposed language on the ground that the government may prove that FedEx knew that its internet pharmacy customers were distributing drugs outside the usual course of professional practice and not for a legitimate purpose without showing that FedEx specifically knew what any given physician was doing or not doing.  FedEx, as one spoke of the conspiracy, did not have to know everything that the other spokes of the conspiracy, including the physicians, were doing or not doing.  For this reason, the United States' second objection to defendants' instruction is that, if given, the preliminary instruction must also include the Pinkerton instruction that would be given at the end of trial – a version of Ninth Circuit model instruction 8.25.  This instruction would be necessary to make clear that FedEx might be guilty of conspiracy without proof that it knew specifically what criminal conduct the physicians were engaging in.  In the United States' view, adding these layers of complexity to a preliminary instruction would only confuse the jury and would risk giving them an incomplete or skewed understanding of the legal issues in the case.

*Knowledge instruction*

The United States also objects to the defendants' proposal that the preliminary instruction omit an essential instruction on how the United States may prove knowledge.  Specifically, the United States has proposed that the Court immediately follow any instruction on a specific element of proof with the following:  "Knowledge may be proven by evidence of actual knowledge or evidence of deliberate ignorance."  The United States intends to prove that defendants acted with both actual knowledge and deliberate ignorance, meaning "that the defendants were aware of a high probability that the drugs were being distributed without valid prescriptions and deliberately avoided learning the truth."

Defendants object that the deliberate ignorance instruction cannot be given until the United States offers evidence at trial to support deliberate ignorance.  But that is, of course, true as to every instruction regarding the specific elements of the crimes charged in an indictment.  No instruction is appropriate until the United States offers sufficient evidence at trial.

Counsel for the United States believes that this debate illustrates the problem with providing a single, out-of-context instruction at the beginning of trial.  The general statement-of-the-case instruction describing the charges and stating the presumption of innocence is appropriate here, as it is in every

other criminal case. All of the appropriate substantive instructions should be given at the same time at the end of trial.

**Defendants' Position**

The parties have two disputes:

- whether the jury should be instructed that the crimes charged in this case require proof that FedEx knew and intended that a physician issued prescriptions outside the usual course of professional practice and not for a legitimate purpose; and

- whether the jury should receive a deliberate ignorance instruction before any evidence has been presented.

The Court has already answered the first question in the affirmative, and should do so again. As to the second, the Court indicated at the recent pretrial conference that it would consider a deliberate ignorance instruction if the government presents sufficient evidence to warrant it. We believe the government will not meet that threshold. The request for a deliberate ignorance instruction is premature; it is not appropriately given before the commencement of the trial.

*The "Prescribing Physician" Instruction*

FedEx is surprised to find that this issue must continue to be litigated. The government submitted a proposed post-trial just instruction that is consonant with the language proposed by the defense, and the Court has already agreed that the question at trial will be whether FedEx knew and intended to distribute medications that had been prescribed *by a physician* acting outside the usual course of professional practice and not for a legitimate medical purpose.

At the May 19, 2016 pretrial conference, the parties and the Court discussed the proper framing of the charged crime. *See* Dkt. 303 (Transcript) at 36-44. The Court made its position clear:

THE COURT: I had interpreted that with the knowledge that they were outside the scope of medical practice.

MR. GOLDMAN: Yes, but whose professional practice? It needs to be the physician. That's what the Indictment charges.

THE COURT: Yes, that's right.

*Id*. at 37:2-7.

JOINT SUB. RE: STATEMENT OF CASE                4
CR No. 14-380 CRB

>MR. GOLDMAN: The argument is there is something that makes these medications allegedly into contraband.
>
>THE COURT: Yes. And that is that the drugs prescribed by the doctors were prescribed outside the medical -- acceptable medical practice. That makes them illegal.
>
>MR. GOLDMAN: Correct.
>
>THE COURT: That's what I think makes them illegal.

*Id*. at 42:1-8. The Court's ruling was plainly on correct.

Importantly, the Court's framing of the charged crime comports with the indictment in this case. In FedEx's reply brief in support of its motions in limine, we extensively quoted the indictment's allegations. *See* Dkt. 269 at 2-5. Here we will set out just a few examples of the allegations that comprise the charges in this case:

- Paragraph 25 of the indictment alleges that "The Chhabra-Smoley Organizations consisted of websites . . . which offered for sale controlled substances on Schedules III and IV, by means of the Internet, to customers who *were only required to complete an online questionnaire* and were not examined, diagnosed, or contacted *by the physicians who issued the prescriptions* in connection with their orders."

- Paragraph 30 contends that FedEx employees "knew that the Chhabra-Smoley Organization was distributing controlled substances *based on prescriptions issued by doctors after reviewing customers' responses to an online questionnaire*."

- Paragraph 38 asserts that "FedEx employees knew that *the purpose of the Chhabra-Smoley Organization*" was to "provide controlled substances to consumers without the need for a face-to-face meeting with, or physical examination, laboratory tests, or diagnosis, by a physician," and that "the practice of prescribing medication *based solely on a physician's review of an online questionnaire, without a physical examination, laboratory tests, or face-to-face meeting* was not in accordance with the usual course of medical and pharmacy practice."

Dkt. 28 (emphasis added). The indictment is filled with — founded upon — similar such allegations.

*See* Dkt. 28, *passim*; Dkt. 269 at 2-5.[1] A course of proof that diverged from the charges in the manner suggested by the government would violate FedEx's due process and Sixth Amendment rights to receive sufficient notice of the charges and to be tried only upon an indictment found by a grand jury. *Stirone v. United States*, 361 U.S. 212, 213 (1960); *Berger v. United States*, 295 U.S. 78, 82 (1935); *United States v. Ward*, 747 F.3d 1184, 1190-92 (9th Cir. 2014); *United States v. Dipentino*, 242 F.3d 1090, 1092-93 (9th Cir. 2001); *United States v. Tsinhnahijinnie*, 112 F.3d 988, 991 (9th Cir. 1997).

Even leaving the indictment aside, the government's position is puzzling. This case is charged under a line of jurisprudence holding that distributions of prescription medications are illegal when the underlying prescription is invalid because it was issued by a doctor acting outside the usual course of professional practice and not for a legitimate medical purpose. *See, e.g., United States v. Moore*, 423 U.S. 122, 139-43 (1975); *United States v. Feingold*, 454 F.3d 1001, 1003, 1007-09 (9th Cir. 2006); *see also, e.g., United States v. Lovern*, 590 F.3d 1095, 1099, 1104-05 (10th Cir. 2009); *United States v. Lovin*, No. 07cr2016-IEG, 2009 U.S. Dist. LEXIS 101567 at *7-13 (S.D. Cal. Oct. 30, 2009); 21 C.F.R. § 1306.4. Prescription medications distributed "without a doctor's participation at all," for example, would be a different crime — the elements would not involve questions about the usual course of professional practice or legitimate medical purpose, as it would be illegal for someone to distribute prescription medications not prescribed by a doctor regardless of the distributor's professional practice or medical purpose. *See, e.g., Moore*, 423 U.S. at 131; *Feingold*, 454 F.3d at 1003. The government's other proffered scenarios are similarly inapt. If a doctor did not participate in the issuance of a prescription, then medications are illegal without reference to a doctor's practice and intent.

Finally, the government's continued insistence that "there is no requirement that the government prove that FedEx knew anything about what the physician-conspirators did nor did not do" runs afoul of its own proposed jury instructions and those given by this Court in the *Napoli* matter. In *Napoli*, this Court instructed that the charges required proof that "the defendant knew and intended that the delivery

---

[1] Notably, the indictment articulates no other theory of liability. Under this indictment, either the transported medications were contraband because doctors issued prescriptions outside the usual course of professional practice and not for a legitimate medical purpose, or the medications were not contraband.

JOINT SUB. RE: STATEMENT OF CASE         6
CR No. 14-380 CRB

be made by means of a prescription issued *by a physician* not for a legitimate medical purpose and not in the usual course of professional practice." *See United States v. Napoli*, 10-rc-642 (CRB) Dkt. 1056, *passim* (2012) (emphasis added).  In the case at bench, the government has proposed instructions with identical language.  *See, e.g.,* Dkt. 277 at 30.  That concession speaks volumes.  The Court should not accede to the government's request to keep this instruction under wraps until the end of the case.

The government's position appears to be that FedEx can be declared guilty of a crime if it conspired to distribute medications, even if it did not know that those medications were contraband for the reasons charged in the indictment.  That contention cannot be sustained.

*The Deliberate Ignorance Instruction*

The Court asked the parties to submit a pretrial instruction concerning the essential nature of the charged crime.  The government hopes to slip in an instruction on deliberate ignorance.  That would not be appropriate.

The Ninth Circuit made clear in *United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007) (en banc) that the trial judge's decision whether to give a deliberate ignorance instruction must depend on an evaluation of the evidence presented at trial.  *Id.* at 922.  Accordingly, this Court recognized at the recent hearing that its decision whether to give the instruction will "depend[ ] on the evidence."  Dkt. 303 at 22.  The Court observed:

> this is a good example of why you shouldn't say what instructions you're going to give two months before the trial commences.  I don't know, but I'm not ruling it out.  It is a possibility . . . .
>
> However, as I say, it won't be to support a verdict if the verdict is negligence or recklessness.  And, by the way, I may very well entertain an instruction from the Defense pointing that out.

*Id.*  Those important principles would be undermined by a pretrial deliberate ignorance instruction.

Above the prosecution writes, "Defendants object that the deliberate ignorance instruction cannot be given until the United States offers evidence at trial to support deliberate ignorance.  But that is, of course, true as to every instruction regarding the specific elements of the crimes charged in an indictment."  That is simply inaccurate.  An instruction regarding the elements of the charged offense is

JOINT SUB. RE: STATEMENT OF CASE          7
CR No. 14-380 CRB

not subject to change.  There may never be such an instruction *at all* if the government fails to adduce sufficient evidence, but in that case there would be no harm arising from the jury having heard the instruction on the elements.  The deliberate ignorance issue is different; if the case goes to the jury, but the Court finds that the government has failed to provide evidence supporting a deliberate ignorance instruction and declines to give that instruction, then FedEx would be prejudiced by the jury having heard an (incomplete) pretrial instruction on the issue.

The Court should give the proposed instruction amended in all of the manners suggested by FedEx.

\*       \*       \*

Because the parties have been unable to reach agreement as to their respective proposed language, they respectfully request that the Court resolve the disagreement and decide the final language of the instruction.

DATED: May 30, 2016

Respectfully Submitted:

DAVID R. CALLAWAY
Attorney for the United States
Acting Under Authority Conferred
by 28 U.S.C. § 515

/s
_____
KIRSTIN M. AULT
JOHN H. HEMANN
Assistant United States Attorneys

JENNY C. ELLICKSON
Trial Attorney

/s
_____
CRISTINA C. ARGUEDAS
803 Hearst Avenue
Berkeley, CA 94710
(510) 845-3000
Counsel for FedEx Corp.,
Federal Express Corp., and
FedEx Corporate Services, Inc.